J-S30013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
RAYMOND NELSON ROY III   :
  :
Appellant   :   No. 259 MDA 2021

Appeal from the Judgment of Sentence Entered January 21, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000372-2014

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 21, 2021**

Appellant, Raymond Nelson Roy III, appeals from the judgment of sentence of 14 to 36 months' incarceration, imposed after his term of probation for theft by unlawful taking (18 Pa.C.S. § 3921(a)) was revoked based on his commission of new criminal offenses.  After careful review, we affirm.

On March 30, 2017, Appellant pled guilty to theft by unlawful taking. He was sentenced to a term of incarceration of one year less one day, to two years less one day.  The court imposed a consecutive term of three years' probation.  On January 1, 2019, Appellant was released from prison in Florida, where he had been serving his theft sentence concurrently with a sentence imposed for crimes he committed in that state.  **See** Appellant's Brief at 14.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Upon his release from prison, Appellant served parole until March 29, 2019, and then began serving his probationary sentence. *See* N.T. Revocation/Resentencing, 1/21/21, at 2. On July 7, 2020, Appellant was charged with new offenses in Florida. *Id.* at 3. He ultimately pled guilty to those crimes on December 16, 2020, and was sentenced to five years' probation. *Id.* at 4. He was extradited to Pennsylvania on January 2, 2020, and he appeared for a revocation of probation hearing on January 21, 2020. *Id.* At the conclusion thereof, the court found Appellant had violated the terms of his probation by committing new offenses in Florida. *Id.* at 28. Accordingly, the court revoked Appellant's probationary sentence and resentenced him to 14 to 36 months' incarceration. *Id.*

Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on July 28, 2021. Herein, Appellant states two issues for our review:

> 1. According to recent case law, did the trial court err in finding … Appellant in violation at the [revocation of probation] hearing when the original sentencing order did not contain the rules and regulations [of] which … Appellant was found to be in violation…?
>
> 2. Did the trial court err in finding that … Appellant was serving his probationary portion of his split sentence and not the parole portin [*sic*] at the [revocation of probation] hearing and[,] thus[,] improperly re-sentence[] [Appellant]?

Appellant's Brief at 6 (unnecessary capitalization omitted).

Appellant first argues that the court erred by finding him in violation of his probation where he was not advised, at the time his original sentence was imposed, of the conditions of his probation. In support, Appellant relies on our Supreme Court's decision in *Commonwealth v. Foster*, 214 A.3d 1240 (Pa. 2019), and this Court's decision in *Commonwealth v. Koger*, 255 A.3d 1285 (Pa. Super. 2021). In *Foster*, the Court held that "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation [or parole] included in the probation order or has committed a new crime." *Foster*, 214 A.3d at 1250. In *Koger*, this Court relied on *Foster* to conclude that, because the sentencing court did not impose any specific probation or parole conditions when originally sentencing Koger, it could not subsequently find Koger in violation of one of those specific conditions and revoke his parole. *Koger*, 255 A.3d at 1291. According to Appellant, *Foster* and *Koger* compel us to reverse the revocation of his probation because he was not advised of the conditions of his probation at the time it was imposed.

Initially, Appellant admits that he did not raise this issue in his Rule 1925(b) statement. Appellant's Brief at 13. He claims, however, that we should overlook this error because he is relying on *Koger*, and that decision was not issued until after he filed his concise statement. However, our decision in *Koger* was premised entirely on *Foster*, which was decided in 2019. Thus, Appellant could have raised his challenge to the revocation of his probation in his Rule 1925(b) statement. His failure to do so waives it for our

- 3 -

review. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[1]

Nevertheless, even if not waived, we would deem Appellant's claim meritless. Appellant's probation was revoked, at least in part, based on his committing new crimes in Florida.[2] As set forth above, our Supreme Court in *Foster* held that "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation [or parole] included in the probation order *or has committed a new crime*."

---

[1] We note that the trial court's Rule 1925(b) order notified Appellant that any issue not properly included in the statement would be deemed waived. *See* Order, 2/23/21, at 1; *see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[.] ... [T]herefore, we look first to the language of that order.") (citations omitted).

[2] At the revocation hearing, the court cited both Appellant's commission of new offenses, and his failure to return to Pennsylvania when required to do so, as constituting violations of his probationary sentence. *See* N.T. Revocation/Resentencing at 22. However, when the court stated it was revoking his probation, it did not specifically indicate on which violation(s) it was premising that decision. *Id.* at 28. To add further confusion, in its opinion, the trial court incorrectly stated that it revoked Appellant's *parole* based on his new crimes, and that it anticipatorily revoked his *probation* based on his failure "to notify the Perry County Probation Department of his final release from incarceration in Florida in early 2019." Trial Court Opinion (TCO), 7/28/21, at 3 (unnumbered). Nevertheless, because the record demonstrates that Appellant was serving *probation* at the time he committed his new offenses, and his commission of new crimes in Florida clearly violated the terms thereof, we overlook the court's misstatements in its opinion and consider Appellant's probation revocation as being premised on his commission of new offenses.

***Foster***, 214 A.3d at 1250 (emphasis added). Thus, it is clear that the court was permitted to revoke Appellant's probation based on his commission of new offenses in Florida, even though that condition of his probation was not set forth in his original sentencing order. Unlike other specific conditions of probation that might not be contemplated by a defendant without explicit notice in the sentencing order, it is reasonable to presume that a defendant sentenced to probation is automatically on notice that his commission of other crimes would constitute a violation that could result in revocation. Therefore, the court's revocation of Appellant's probation based on his committing new crimes was permissible.

Next, Appellant claims that the court erred by concluding that he was serving probation, rather than parole, when he committed his new offenses in Florida. If Appellant was serving parole, the court could only have resentenced him to serve the remaining time left on his sentence of incarceration. ***See*** 61 Pa.C.S. § 6138(a)(2) ("If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted…."). However, where as here, the court revokes a sentence of probation, it "may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration." ***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citing 42 Pa.C.S. § 9771(b)). In fashioning a sentence after revoking an offender's probation, "the trial court is limited only by the maximum sentence that it could

have imposed originally at the time of the probationary sentence." *Id.* (quoting *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted)).

As stated *supra*, the record demonstrates that Appellant was serving his term of probation at the time he committed his new offenses, thereby constituting a violation of that sentence. Appellant's original sentence of incarceration was imposed on March 30, 2017, and his maximum term of two years' less one day incarceration expired on March 29, 2019. Appellant acknowledges this fact when he states in his brief that "his parole date on the Perry County sentence would have been on March 29, 2018[,] and he still had to serve one year on parole before his probationary sentence of three years would begin." Appellant's Brief at 14-15 (emphasis omitted). Accordingly, as of March 30, 2019, Appellant was serving his sentence of probation.[3] His

_____

[3] Appellant confusingly claims that he is entitled to "credit from his minimum parole date of March 29, 2018[,] to his release date of January 1, 2019[,]" because over that span of time, he was incarcerated in Florida "due to a detainer that was lodged by Perry County Probation." Appellant's Brief at 15. Initially, the trial court correctly observed that the record contains "no evidence of a [d]etainer ever existing for [Appellant] that would allow him to get credit from March 29, 2018[,] to January 1, 2019." TCO at 3 (unnumbered). Moreover, any credit for time that Appellant spent incarcerated would go to his sentence of imprisonment and would not extend his maximum term past March 29, 2019. Appellant cites no case law to support his position that the start of his probationary sentence was somehow delayed based on his alleged incarceration on a parole detainer. Thus, this argument is meritless.

commission of new offenses in 2020 clearly occurred while he was serving his

probationary sentence. Thus, his second issue does not warrant relief.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2021

---

[4] We recognize that the trial court claimed that Appellant was on parole when he committed his new offenses, but that it was permitted to preemptively revoke his probationary sentence under **Commonwealth v. Wendowski**, 420 A.2d 628, 630 (Pa. Super. 1980) ("If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation."). **See** TCO at 3-4 (unnumbered). Not only is the court incorrect that Appellant was on parole, but its reliance on **Wendowski** is also erroneous, as that case was recently overruled in **Commonwealth v. Simmons**, -- A.3d ----, 2021 PA Super 166 (Aug. 18, 2021) (*en banc*). Nevertheless, because we conclude that Appellant was serving his term of probation at the time he committed new offenses, we may affirm his judgment of sentence on this basis. **See Wilson v. Transport Ins. Co.**, 889 A.2d 563, 577 n.4 (Pa. Super. 2005) (stating that this Court is permitted to affirm the trial court "on any valid basis, as long as the court came to the correct result") (citations omitted).