J-S10012-22 & J-S10013-22 & J-S10014-22 & J-S10015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRAVIS D. HADDEN | : | |
| | : | |
| Appellant | : | No. 922 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 6, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No:  CP-14-CR-0001547-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRAVIS D. HADDEN | : | |
| | : | |
| Appellant | : | No. 923 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 6, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No:  CP-14-CR-0001640-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRAVIS DEAN HADDEN | : | |
| | : | |
| Appellant | : | No. 924 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 6, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No:  CP-14-CR-0001776-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|                    | :  |                 |
| :---               | :- | :---            |
| v.                 | :  |                 |
|                    | :  |                 |
|                    | :  |                 |
|                    | :  |                 |
| TRAVIS DEAN HADDEN | :  |                 |
|                    | :  |                 |
| Appellant          | :  | No. 925 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 6, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No:  CP-14-CR-0001777-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 01, 2022**

Travis Dean Hadden (Appellant) appeals from the sentences imposed after the trial court revoked his probation.  Upon review, we affirm in part, and amend the sentencing orders consistent with this memorandum.

On November 8, 2017, at docket 1547-2017, Appellant pled guilty to forgery and was sentenced to 49 days - 23½ months in the Centre County Correctional Facility.  The sentencing court ordered Appellant to pay $3,500 in restitution and a $100 fine.

On January 19, 2018, at dockets 1640-2017, 1776-2017, and 1777-2017,[1] Appellant pled guilty to various crimes including theft, access device fraud, and bad checks.  The court imposed an aggregate sentence of five years of probation, consecutive to the sentence at docket 1547-2017, and ordered Appellant to pay fines, court costs, and approximately $3,000 in restitution.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We refer to these three cases and docket 1547-2017 as the "four dockets."

- 2 -

After Appellant's release, the Commonwealth asserted that he violated conditions of his probation,[2] including his obligation to pay court-ordered restitution, fines, and costs ("Condition 5" or the "repayment obligation").  On March 11, 2021, the trial court issued a bench warrant for Appellant for absconding from supervision.

On July 6, 2021, following Appellant's apprehension, the trial court conducted a violation of probation (VOP) hearing.  Appellant's probation officer, Richard Auman (PO Auman), testified for the Commonwealth.  PO Auman stated that Appellant previously promised to make monthly payments of $200, but failed to do so.  N.T., 7/6/21, at 12.  PO Auman testified that Appellant's probation was revoked in August 2019 for, *inter alia*, non-compliance with his repayment obligation.  ***Id.*** at 10-11.  At the time of the VOP hearing, Appellant had paid nothing.  ***Id.*** at 13.

Appellant testified in his defense, asserting he had insufficient income and did not willfully refuse to pay the required monthly repayment obligation.  ***See id.*** at 18-20, 25-26.  Appellant testified that he had only sporadic employment.  ***Id.*** at 19-20, 22, 26.  Appellant conceded he never notified the probation department of his difficulty making payments.  ***Id.*** at 25.  Appellant also acknowledged that he told PO Auman he would pay $200 per month

---

[2] The trial court states in its Pa.R.A.P. 1925(a) opinion that the Commonwealth filed a petition for revocation of probation.  Trial Court Opinion, 9/17/21, at 1.  However, the petition is not in the record or listed on the docket.

toward the repayment obligation. *Id.* at 29; *see also id.* (Appellant "wasn't lying" when he stated he could pay $200).

At the conclusion of the hearing, the trial court found Appellant in violation of Condition 5 and revoked his probation.[3] *Id.* at 37-38. The court asked Appellant how much he could pay per month toward the repayment obligation; Appellant replied $40. *Id.* at 38. The court set Appellant's new monthly repayment amount at $15, *id.*, and waived Appellant's fines and costs. The court sentenced Appellant to serve 19 months and 25 days' imprisonment, with immediate parole for time served, followed by two years of probation. *Id.* at 39-40. Importantly, Appellant did not file post-sentence motions.

Appellant timely filed notices of appeal,[4] followed by timely concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In its opinion, the trial court rejected Appellant's sole issue challenging the revocation of probation for failure to comply with Condition 5. The court reasoned:

> Based on the testimony and evidence [adduced at the VOP hearing], the court found willfulness on the part of [Appellant] in failing to make an effort to pay his restitution, costs and fines, and

---

[3] The trial court found no violation of the condition requiring Appellant to notify the probation office if he changed his residence (Condition 3). *See* N.T., 7/6/21, at 31, 37; Trial Court Opinion, 9/17/21, at 2.

[4] Appellant complied with the dictates of our Pennsylvania Supreme Court in *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) ("where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."); *see also* Pa.R.A.P. 341, Official Note.

in failing to make an effort to lower his payments or express to his probation officer there was an issue with making payments. [Appellant] acknowledged he did not contact his probation officer regarding an inability to pay or to adjust the payment contract after telling his probation officer he could make payments of about $200.00 monthly. The [repayment obligation] existed since 2017, and there were no payments by [Appellant]. As such, the court found [Appellant] violated Condition 5 for nonpayment.

Trial Court Opinion, 9/17/21, at 3.

On appeal, Appellant presents the following question:

Did the trial court err in revoking Appellant's probation and parole and sentencing him to a period of incarceration and probation based solely on [A]ppellant's failure to pay fines, costs and restitution when there was ample evidence presented that Appellant is indigent and did not willfully refuse to pay?

Appellant's Brief at 13.

In an appeal from a sentence imposed after revocation of probation, this Court "can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015). "Prior to revoking probation on the basis of failure to pay fines, costs or restitution, the [trial] court must inquire into … the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay." *Commonwealth v. Ballard*, 814 A.2d 1242, 1247 (Pa. Super. 2003) (citation omitted); *see also* Pa.R.Crim.P. 706(A) ("A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.").

Appellant's claim implicates the discretionary aspects of his sentence.[5] *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms that underlie the sentencing process." (citation omitted)). Indeed, Appellant repeatedly frames his claim as implicating the discretionary aspects of sentencing. *See* Appellant's Brief at 12, 22-23.

There is no absolute right to appellate review of a discretionary sentencing claim. *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*). Rather, we

> conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) **whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence**, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (emphasis added; some citations omitted).

Here, although Appellant timely filed notices of appeal, included a Pa.R.A.P. 2119(f) statement in his brief, and presents a substantial question,

---

[5] Contrary to Appellant's assertion, our review of the record discloses the trial court, in compliance with *Ballard*, properly found that Appellant willfully failed to make any payments. *See* Trial Court Opinion, 9/17/21, at 3; *see also*, *e.g.*, N.T., 7/6/21, at 29 (Appellant stating he "wasn't lying" when he told PO Auman he was capable of paying $200 per month).

he failed to preserve his challenge to the sentence either at sentencing or in a post-sentence motion. Accordingly, Appellant waived his claim. **See** Pa.R.Crim.P. 720(A)(1); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." (citation omitted)); **Commonwealth v. Yockey**, 158 A.3d 1246, 1259 (Pa. Super. 2017) (same).

However, we *sua sponte* address the legality of Appellant's sentence. **See Commonwealth v. Wolfe**, 140 A.3d 651, 655 (Pa. 2016) ("courts are empowered to address illegal sentences regardless of issue preservation concerns."). The trial court explained that the July 6, 2021 sentencing orders contain a clerical error:

> As testified to by [PO] Auman, Condition 3 regarding updating [Appellant's] address, was not specifically included in Centre County sentencing orders prior to the **Commonwealth v. Koger**, 255 A.3d 1285 (Pa. Super. 2021) decision, and was not included in [Appellant's initial] sentencing orders. [**See id.** at 1291 ("Because the trial court did not impose, at the time of the [initial] sentencing, any specific probation or parole conditions, the [VOP] court could not have found [the defendant] violated one of the 'specific conditions' of probation or parole included in the probation order." (citation and footnote omitted)).] In recognition of the **Koger** decision, the [trial] court stated on the record ([N.T.,] 7/6/2021, pp. 21-22, 31, 37) it found no violation of Condition 3. [Appellant] has not raised this issue on appeal; however, due to a clerical error, the [sentencing orders at the four dockets] reflected [Appellant] was found to have violated Condition[] 3. As such, should the Honorable Superior Court find

it necessary, the [trial] court respectfully requests the matter be remanded for correction.

Trial Court Opinion, 9/17/21, at 2. Our review of the record confirms the error.

"If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing." *Commonwealth v. Lekka*, 210 A.3d 343, 358 (Pa. Super. 2019) (citation omitted). If our disposition does not alter the overall sentencing scheme, there is no need to remand for resentencing. *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006). Accordingly, we directly amend Appellant's sentencing orders, at all four dockets, to properly reflect no violation of Condition 3. *See Lekka*, *supra*; Trial Court Opinion, 9/17/21, at 2. In all other respects, we affirm.

Judgment of sentence affirmed in part and amended in part. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/01/2022

- 8 -