J-A06036-21

2021 PA Super 115

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   : PENNSYLVANIA
                                                   :
              v.                                   :
                                                   :
                                                   :
                                                   :
CHRISTOPHER ALBERT KOGER           :
                                                   :
              Appellant                            : No. 251 WDA 2020

Appeal from the Judgment of Sentence Entered January 22, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000233-2018

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

OPINION BY McCAFFERY, J.:                          **FILED: June 4, 2021**

Christopher Albert Koger (Appellant) appeals from the judgment of
sentence entered in the Washington County Court of Common Pleas, following
his second revocation of parole for his conviction of possession of child
pornography[1] and his second revocation of probation for his conviction of
criminal use of a communication facility.[2] Appellant challenges the sufficiency
of evidence for his probation and parole revocations, arguing the
Commonwealth did not establish the specific conditions of his parole and
probation. This appeal returns to this panel after remand, on March 31, 2021,
for supplemental information. The trial court has provided this information.
We hold that because the court did not advise Appellant of the conditions of

_____

[1] 18 Pa.C.S. § 6312(d).

[2] 18 Pa.C.S. § 7512(a).

his probation and parole at the time of the initial sentencing, the court could not have found he violated these conditions. Thus, we vacate the instant revocation of probation and parole (VOP) judgment of sentence.

On August 21, 2018, Appellant pled guilty to possession of child pornography and criminal use of a communication facility. For his conviction of possession of child pornography, Appellant was sentenced to eight to 23 months' incarceration. N.T. Plea & Sentencing, 8/21/18, at 16. Appellant was awarded sentencing credit and was immediately paroled to the Washington County Adult Probation Office. *Id.* at 17. For criminal use of a communication facility, Appellant was sentenced to a consecutive term of three years' probation. *Id.* At sentencing, the trial court stated:

> As special conditions of this sentence, [Appellant] shall have no contact with any victims or persons displayed in the images. [Appellant] shall submit to a drug and alcohol evaluation and complete any recommended treatment; perform 100 hours of [c]ommunity [s]ervice and complete sexual offender counseling.

*Id.*; *See* Order of Sentence 8/21/18.

On December 21, 2018, the trial court revoked Appellant's probation and parole after he stipulated to committing technical violations.

On September 16, 2019, a second petition was filed alleging Appellant violated his parole and probation. The second petition alleged Appellant violated "Condition 7, [relating to refraining] from any assaultive, threatening, or harassing behavior[,]" "Condition 1, [failing] to permit a [probation officer] to visit [him at his] residence [ ] and submit to warrantless searches of [his] residence, vehicle, property, and/or [his] person[,]" and Condition 2,

"[relating to violations of] criminal laws or ordinances." Adult Probation Office's Petition for the Revocation of Parole and Probation, 9/16/19, at 2.

The trial court held a revocation hearing on November 4, 2019 where the Commonwealth presented the testimony of Officer Jeremy Bardo (PO Bardo). PO Bardo testified that he searched Appellant's phone and discovered pornographic images of a minor Appellant had been communicating with via text messages. *See* N.T., 11/4/19, at 14-15. PO Bardo testified that Appellant had "been provided with a copy of the rules of the adult probation office . . . that [Appellant] signed." *Id.* at 9. After PO Bardo searched Appellant's phone, Appellant became agitated and was placed in custody for safety concerns. *Id.* at 10. Once at the jail, Appellant threatened another officer. PO Bardo also recalled a prior incident, during which Appellant was removed from a community service office where he was working in the "FITS Program."[3] *Id.* at 7-9. After the testimony, the trial court found Appellant was in technical violation and revoked Appellant's parole and probation. *Id.* at 34.

The trial court conducted a VOP sentencing hearing on January 22, 2020, and resentenced Appellant to serve the "balance of his maximum sentence" on his conviction for possession of child pornography and 1 to 3

---

[3] The record does not define the "FITS Program" beyond stating Appellant was removed from the community service office while working "at the FITS Program." N.T., 11/4/19, at 8.

years' confinement for his conviction of criminal use of a communication facility. N.T., 1/22/20, at 24.

Appellant filed this timely counseled appeal and complied with the court's order to file a Pa.R.A.P.1925(b) statement of errors complained of on appeal.[4] On March 31, 2021, this panel issued a memorandum, remanding to the trial court for a supplemental opinion to clarify whether the court had imposed, or advised Appellant of, the terms and specific conditions of his probation and parole at the time of the initial, August 21, 2018 sentencing. On May 7, 2021, the trial court responded by letter, explaining "it did not advise [Appellant] of the general conditions of his probation or parole at the time of sentencing[.]" Instead, pursuant to the Washington County local procedures, the probation and parole conditions were explained to Appellant, **after** sentencing, by an adult probation officer. Trial Ct. Response, 5/7/21.

Appellant presents the following three issues for our review:

1. Whether the [VOP] court erred in revoking [Appellant's] parole at count 1 where the Commonwealth failed to produce sufficient

---

[4] On March 4, 2020, the trial court ordered a Pa.R.A.P.1925(b) statement of errors complained of on appeal to be filed within 21 days. Appellant requested an extension, which the court granted on March 31, 2020. Appellant then filed his 1925(b) statement on April 27, 2020.

We note that Appellant untimely submitted his request for an extension to file his Rule 1925(b) statement. However, we may still address Appellant's claims. **See Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016) ("[W]here the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits.").

evidence establishing what the actual terms and conditions of [Appellant's] parole were and [Appellant] had not been charged with or convicted of a new offense?

2. Whether the [VOP] court abused its discretion in revoking [Appellant's] probation at count 2 where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Appellant's] probation were and [Appellant] had not been charged with or convicted of a new offense?

3. Whether [Appellant's] parole and probation revocation sentences are illegal where the same were imposed without authority as a result of the [C]ommonwealth's failure to prove that [Appellant] violated any actual terms or conditions of his probation or parole?

Appellant's Brief at 6.

In his first two issues, Appellant argues the Commonwealth failed to present any "evidence of what the actual terms and conditions of" his parole and probation were. Appellant's Brief at 17. Appellant argues the testimony at his revocation hearing was not sufficient to establish the conditions he was subject to nor the "rules [he] was required to follow[.]" *Id.* at 21-22, 26. The Commonwealth offered evidence pertaining to the incidents with Appellant's phone contents, being removed from the community center, and threatening another officer. However, the Commonwealth offered no evidence to establish that specific conditions of parole or probation were imposed on Appellant at the time of sentencing. Appellant points out he was not charged or convicted with any new offense. Thus, he reasons, "the Commonwealth could not, by necessity, prove [he] violated a term of condition of his parole" or probation. *Id.* at 26. Appellant relies on *Commonwealth v. Foster*, 214 A.3d 1240, 1250 (Pa. 2019) ("[A] court may find a defendant in violation of probation

only if the defendant has violated one of the 'specific conditions' of probation [or parole] included in the probation order or has committed a new crime."). Appellant's Brief at 23-24.

The Commonwealth responds it "is unable to locate any case law from this Court or our Supreme Court indicating that [it] is a requirement" "to provide proof of the conditions, rules, and regulations under which [Appellant] was supervised." Commonwealth Brief at 8. Nevertheless, the Commonwealth argues the Probation Office's petition, for the revocation of parole and probation, "clearly indicates the conditions and alleged violations." Commonwealth Brief at 8, *citing* Adult Probation Office's Petition for Revocation of Parole & Probation.

Generally, parole and probation violations are determined by the sound discretion of the trial courts and absent an error of law or abuse of discretion, should not be disturbed on appeal. **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007). "The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion." **Commonwealth v. Kalichak**, 943 A.2d 285, 290-91 (Pa. Super. 2008).

Appellant's challenge is a question of law and this Court must "determine whether the evidence admitted at trial . . . when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses." **Perreault**, 930 A.2d at 558. We cannot reweigh the evidence or substitute our judgment for the trial court. **Id.**

In **Foster**, a defendant was sentenced to four years' probation after pleading guilty to possession and possession with intent charges. **Foster**, 214 A.3d at 1243. The defendant was subsequently detained after posting photos to social media which "depicted guns, drugs, large amounts of money and his sentencing sheet[.]" **Id.** at 1243. The trial court found the defendant in violation of his probation, but "never mentioned the conditions of [the defendant's] probation in reaching its decision," and "[t]here is no court order specifying the conditions of probation in the record." **Id.** at 1244 & n.5.

On appeal, the Pennsylvania Supreme Court considered 42 Pa.C.S. § 9754(b), which provides, "The court shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life." **Foster**, 214 A.3d at 1248-50, *citing* 42 Pa.C.S. § 9754(b). Our Supreme Court stated:

> [Section 9754(b) of the Sentencing Code] requires that [t]he **court** shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life. 42 Pa.C.S. § 9754(b) (emphasis added). The failure to do so is a violation of this statutory mandate. While this Court has recognized that probation officers may, consistent with their statutory authority, impose specific conditions of supervision pertaining to the defendant's probation, **see** 61 Pa.C.S. §§ 6131(a)(5)(ii), 6151, any supervision conditions imposed must be in furtherance of the trial court's conditions of probation.

**Foster**, 214 A.3d at 1244 n.5 (quotation marks & some citations omitted).

The Supreme Court thus vacated the probation revocation, concluding the Commonwealth "never contended that [the defendant] violated a specific condition of his probation" nor did they present evidence establishing that defendant violated his probation. **Foster**, 214 A.3d at 1253. As stated above, the Court held: "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation [or parole] included in the probation order or has committed a new crime." **Id.** at 1250.

As stated above, this Court remanded the present appeal for clarification as to whether the trial court advised Appellant, at his initial sentencing, of the specific conditions he would be subject to under his probation and parole. The trial court responded with a letter, stating:

> In accordance with long standing procedures in Washington County, the trial court acknowledges that it did not advise [Appellant] of the general conditions of his probation or parole at the time of sentencing. Rather, the general rules, regulations, and conditions governing probation and parole in Washington County were explained to [Appellant] by an adult probation officer immediately following the sentencing proceeding.

Trial Ct. Response.[5]

---

[5] To its credit, the trial court has implemented new procedures to ensure all defendants are "are advised by the court, at the time of sentencing, that the court is imposing the general rules, regulations, and conditions governing probation and parole in Washington County. Furthermore, general conditions are now specified in writing and included in [all] sentencing orders." Trial Ct. Response.

Under these circumstances, we conclude the trial court erred in failing to specifically advise Appellant of the conditions of his probation and parole at the time of his initial sentencing. *See* 42 Pa.C.S. § 9754(b); ***Foster***, 214 A.3d at 1244 n.5. We reject the Commonwealth's argument that the probation officer's VOP petition sufficiently indicated the conditions and alleged violations. *See* Commonwealth Brief at 8. Instead, "[t]he **court** shall attach such of the reasonable conditions . . . as it deems necessary to insure or assist the defendant in leading a law-abiding life. ***See Foster***, 214 A.3d at 1244 n.5 *citing* 42 Pa.C.S. § 9754(b). Because the trial court did not impose, at the time of the August 21, 2018, sentencing any specific probation or parole conditions, the court could not have found he "violated one of the 'specific conditions' of probation [or parole] included in the probation order[.]"[6] ***See Foster***, 214 A.3d at 1250. In short, a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition. Accordingly, we reverse the revocation of probation and parole and we vacate the VOP judgment of sentence.

_____

[6] Though ***Foster*** refers to probation revocations and not parole, our Supreme Court, as the trial court states, relied on language in ***Morrissey v. Brewer***, 408 U.S. 471 (1972). ***See Morrissey***, 408 U.S. at 479-80 (stating "the first step in a revocation decision . . . involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole."); Trial Ct. Op. at 13. Thus, we review violations of probation and parole under the same standard.

In his final issue on appeal, Appellant argues his "sentences at counts 1 and 2 are illegal" and the trial judge "lacked the authority to impose" the sentences due to the Commonwealth's insufficient evidence. Appellant's Brief at 28. Appellant contends this Court should vacate his sentencing order because the "Commonwealth [ ] failed to demonstrate the actual terms or conditions of [Appellant's] parole and probation[.]" *Id.* at 28-29. Appellant maintains that without sufficient evidence to establish these conditions, the VOP court did not have the authority to rule that he had violated them. *Id.* at 29.

Because the trial court did not impose the conditions which Appellant is alleged to have violated, the Commonwealth could not prove by a preponderance of the evidence that Appellant committed any violations as allegedly defined in the probation officer's VOP petition. N.T., 8/21/18, at 17; Adult Probation Office's Petition for the Revocation of Parole and Probation at 2; *see* 42 Pa.C.S. § 9754(b); *see Foster*, 214 A.3d at 1244, n.5; *see Kalichak*, 943 A.2d at 290-91.

Parole and probation revocation reversed. Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/4/2021</u>