J-A07029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REGINALD COOK | : | |
| | : | |
| Appellant | : | No. 1171 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 10, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000788-2016

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 1, 2022**

Reginald Cook appeals from the judgment of sentence imposed following the revocation of his parole and probation. Cook argues his sentence is illegal or unsupported by the evidence because, according to Cook, the Commonwealth did not present evidence of a violation of his parole beyond a mere arrest. He also argues his sentence is illegal because the court anticipatorily revoked his probation. Cook also filed an Application for Relief asking us to "consider the portion of his brief addressing the legality of his sentence," citing **Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021) (*en banc*). Application for Relief, 2/8/22, at 2 ¶ 10. We grant the Application for Relief but affirm the judgment of sentence.

Cook pleaded guilty on August 2, 2016, to one count of firearms not to be carried without a license.[1] The court sentenced him to a negotiated sentence of time served to 23 months' imprisonment with a consecutive term of two years of probation. Cook was released on parole but he repeatedly violated it, and the court recommitted him in December 2016, September 2017, and January 2020.

The Montgomery County Adult Probation department served Cook with a fourth notice of parole violation in December 2020. It alleged he had been arrested and charged with driving under the influence of alcohol or a controlled substance ("DUI"), in violation of 75 Pa.C.S.A. § 3802.

At a hearing, the prosecutor stated that Cook would be stipulating "to the violations, I believe just to the arrest," and defense counsel agreed. N.T., 5/10/21, at 3. Defense counsel conducted a colloquy to ensure Cook understood he was stipulating to having violated his parole, and relieving the Commonwealth of its burden to prove he violated his parole by a preponderance of the evidence, but not confessing that he had committed any crime:

> Q. All right. Do you understand that you are here today for what's called a **Gagnon**[2] Hearing? There's an allegation that you have violated your probation and parole. Do you understand?
>
> A. Yes.

---

[1] 18 Pa.C.S.A. § 6106(a)(2).

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

- 2 -

Q. And do you understand that before you can be found in violation of your probation and parole, you're entitled to two hearings, a *Gagnon* I and *Gagnon* II? At the *Gagnon* I Hearing, the Commonwealth or the district attorney has the burden of showing that there's probable cause to believe that you violated. Do you understand?

A. Yes.

Q. And do you understand that by waiving or giving up your right to that hearing, you're relieving them of that burden?

A. Say that again?

Q. Do you understand that by waiving or giving up the right to that hearing, you're relieving them of their burden of proving you guilty? Do you understand?

A. Yes.

Q. At the second hearing, the *Gagnon* II, the district attorney has to show by a preponderance of the evidence, which means more likely than not that you violated. And by stipulating, we're agreeing that you're in violation. You're relieving them of that burden as well. Do you understand?

A. Yes.

. . .

Q. All right. Do you understand you're basically agreeing to your arrest? You're not agreeing to the underlying behavior, because your charges are still pending in Philadelphia. Do you understand that?

A. Yes.

*Id.* at 5-7 (italics added); *see also id.* at 11 (Cook responding "Yes" when asked whether he agreed to the sentence).

The court found Cook "knowingly, intelligently, and voluntarily stipulated that he is in violation of his supervision." *Id.* at 10. The court also specified that Cook had violated both his parole and his probation, and it

revoked both. *Id.* It recommitted Cook to serve the remainder of his prison term and consecutive term of probation.

Cook did not file a post-sentence motion but filed a timely notice of appeal.[3] He raises the following issues:

> I. Was the sentence imposed by the Court on May 10, 2021 an illegal sentence since the Commonwealth failed to present evidence of the actual terms and conditions of [Cook]'s probation and parole as required by *Com*[*monwealth*] *v. Koger*, [255 A.3d 1285 (Pa.Super. 2021), *appeal granted*, No. 270 WAL 2021, 2022 WL 1014268 (Pa. Apr. 5, 2022)]; failed to establish a violation of a specific condition of probation as required by *Koger*, and failed to establish a new criminal conviction for [Cook]?
>
> II. Was the evidence at the May 10, 2021 Gagnon II hearing insufficient to establish a *Gagnon* violation since the Commonwealth failed to present evidence of the actual terms and conditions of [Cook]'s probation and parole as required by [*Koger*]; failed to establish a violation of a specific condition of probation as required by *Koger*, and failed to establish a new criminal conviction for [Cook]?
>
> III. Was the lower court's anticipatory revocation of [Cook]'s probation an illegal sentence since [Cook] was still on parole at the time of his alleged violation and had not yet begun serving his probationary term?

Cook's Br. at 3 (some italics added; answers below omitted).

In his first two issues, Cook argues his sentence violates **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019), and **Commonwealth v. Koger**. Cook asserts that pursuant to these cases, a court may not find a violation of probation or parole unless it has advised the defendant of his

---

[3] Cook filed an Application for Remand, requesting to amend his Pa.R.A.P. 1925(b) statement. We denied the Application for Remand without prejudice to Cook's right to raise any preserved issues before this panel.

specific conditions of probation or parole and the Commonwealth has established by a preponderance of the evidence that the defendant has violated one of those conditions or has committed a new crime. Cook's Br. at 13-15, 18. Cook argues that here, he did not admit to committing a new crime, but only to having been arrested, and asserts that evidence of a mere arrest is not a sufficient basis for revocation. In support he cites **Commonwealth v. Allshouse**, 969 A.2d 1236 (Pa.Super. 2009), and **Commonwealth v. Sims**, 770 A.2d 346 (Pa.Super. 2001). **See** Cooks' Br. at 16, 19. He further argues that although he stipulated that his arrest was a violation of his parole, a defendant cannot agree to an illegal sentence. **Id.** at 16.

We review a trial court's finding of a parole violation for an abuse of discretion. **Koger**, 255 A.3d at 1289. We review a challenge to the legality of the resulting sentence under a *de novo* standard. **Commonwealth v. Stanley**, 259 A.3d 989, 992 (Pa.Super. 2021).

In **Foster**, the Supreme Court considered the application of Sections 9754 and 9771 of the Judicial Code,[4] which govern the requirements for revocation of probation and parole. The Court explained that those provisions allow for revocation "only if the defendant has violated one of the specific conditions of probation included in the probation order or has committed a new crime." **Foster**, 214 A.3d at 1250 (quotation marks omitted). Because the trial court in that case had revoked the defendant's probation based on

_____

[4] **See** 42 Pa.C.S.A. §§ 9754, 9771.

- 5 -

social media postings, without finding the defendant had violated any specific condition of his probation or committed a new criminal offense, the Supreme Court found it had erred in revoking the defendant's probation. *Id.* at 1243, 1251. In *Koger*, we relied on *Foster* and found the trial court erred in revoking the defendant's probation where it had not specifically advised him of the specific conditions of his probation at his sentencing hearing and therefore could not have found sufficient evidence of a violation of a specific condition. *Koger*, 255 A.3d at 1290-91.

Here, unlike in *Foster* or *Koger*, we are not faced with a mere admission of conduct that had not been prohibited as a specific condition of parole. Rather, the Commonwealth alleged that Cook had committed a new crime and Cook conceded that he was in violation of his parole. The holdings of *Foster* and *Koger* are inapposite.

Although Cook asserts that a "mere arrest" is not a sufficient factual basis to support revocation of his parole, Cook did not simply admit to an arrest. Rather, Cook conceded he violated his parole and agreed to waive his right to require the Commonwealth to prove a violation by the preponderance of the evidence. His reliance on *Allshouse* and *Sims* is therefore misplaced. *See Allshouse*, 969 A.2d at 1242-43 (finding evidence presented to support revocation at *Gagnon* II hearing insufficient where trial court had relied on inadmissible hearsay testimony and activity that had not been prohibited as a condition of probation); *Sims*, 770 A.2d at 352 (holding mere waiver of probable cause showing at *Gagnon* I hearing did not provide basis for finding

violation of probation by a preponderance of the evidence at *Gagnon* II hearing). Cook has not advanced any authority undermining a defendant's ability to admit to being in violation of parole and waive the right to hold the Commonwealth to its burden.

In his third issue, Cook argues that his sentence is illegal because the court anticipatorily revoked his sentence of probation in violation of *Commonwealth v. Simmons*. *See* Cook's Br. at 20. As stated above, Cook has filed an application requesting we consider the *Simmons* case, which was decided after Cook filed his notice of appeal. Although Cook did not raise below whether the trial court exceeded its sentencing authority in anticipatorily revoking Cook's probation, this is a question of law that may be raised for the first time on appeal. *See Simmons*, 262 A.3d at 515 n.3. We therefore grant Cook's Application for Relief and consider whether his sentence violates *Simmons*.

In *Simmons*, an *en banc* panel of this Court held that when a trial court imposes a split sentence of confinement followed by probation, and the defendant violates parole prior to the commencement of the probationary term, the trial court lacks the authority to anticipatorily revoke the defendant's probation or impose a new sentence of confinement. The court may only recommit the defendant to serve the remainder of his term of confinement and the original subsequent term of probation. *Id.* at 527-28.

Here, the trial court found, based on Cook's stipulation, that he was in violation of his parole and it revoked both Cook's parole and his probation.

However, the court did not impose a new sentence, but merely recommitted Cook to serve the balance of his previous sentence of confinement followed by the same term of probation that it had "revoked." In so doing, the court did not violate **Simmons**.

Application for Relief granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2022