J-A22012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
                                         :
               v.                      :
                                         :
                                         :
CARL D. MCINTIRE                  :
                                         :
            Appellant             :     No. 1368 WDA 2021

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000120-2020

BEFORE:    OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:            **FILED: SEPTEMBER 28, 2022**

Appellant, Carl D. McIntire, appeals from the judgment of sentence entered on October 19, 2021, following the revocation of his parole for failing to comply with sex offender treatment conditions. We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On December 1, 2019, [Appellant] was arrested by the Pennsylvania State Police and charged with the offense of failure to register with the State Police as required by Megan's Law[,] 18 Pa.C.S.A. § 4915.1(a)(1). On June 23, 2020, [Appellant] entered a [guilty] plea [] to that offense[.] A pre-sentence [investigation] report was ordered and sentencing was scheduled for August 21, 2020.
>
> On August 21, 2020, [Appellant] was sentenced to pay cost[s], a fine, and undergo incarceration in the Indiana County Jail for a period of not less than nine months nor more than two years less one day. In Indiana County, sentencing orders are read to the

---

[*] Retired Senior Judge assigned to the Superior Court.

defendant verbatim by the court. The relevant part of the []
sentencing order provides as follows:

"It shall be a condition of [Appellant's] parole … he shall be
subject to sex offender treatment conditions."

[Appellant] was released on parole and supervision was
transferred to Westmoreland County. On August 6, 2021, the
Indiana County District Attorney filed an application to revoke
parole. The allegations in the application were [Appellant's]
failure to pay costs, [a] fine, and to complete a sex offender
treatment program.

A hearing on the application [to revoke parole] was scheduled for
September 21, 2021. At the hearing, defense counsel made an
oral motion to dismiss pursuant to **Commonwealth v. Koger**,
255 A.3d 1285 (Pa. Super. 2021). The [trial] court took the
motion under advisement and continued the hearing[.]

On September 22, 2021, the [trial] court, based in part on the
[Pennsylvania] Supreme Court['s] decision in **Commonwealth v.
Foster**, 214 A.3d 1240, 1244, n.5 (Pa. 2019), denied
[Appellant's] motion to dismiss. On October 14, 2021, [the]
hearing on [the Commonwealth's] application [to revoke parole
resumed] and an order granting the application was issued.

Trial Court Opinion, 12/21/2021, at 1-2 (superfluous capitalization and internal parenthetical omitted). The trial court ordered Appellant to serve the remainder of his August 21, 2020 sentence.[1] This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

Whether the [t]rial [c]ourt erred as a matter of law by finding Appellant violated specific conditions of [parole[3]] included in [the August 21, 2020 sentencing] order when the [t]rial [c]ourt did not properly advise Appellant of the conditions of his [parole] at the time of sentencing and thus, violated **Commonwealth v. Koger**, 255 A.3d 1285 (Pa. Super. 2021)?

Appellant's Brief at 4.

Appellant argues that the sentencing order at issue "merely provided" that he "shall be subject to sex offender treatment conditions" and "relied upon the probation[/parole] department to explain [the] special conditions in

_____

[1] When a parolee is found to be in violation of the terms of his parole, the only permissible sentence is that he serve backtime. **See Martin v. Pennsylvania Bd. of Prob. & Parole**, 840 A.2d 299, 303 (Pa. 2003) (Backtime is "that part of an *existing* judicially-imposed sentence which the [Parole] Board directs a parolee to complete following a finding, after a civil administrative hearing, that the parolee violated the terms and conditions of parole.") (citation, original brackets, and quotations omitted; emphasis in original). In this case, Appellant does not dispute that the remainder of his August 21, 2020 sentence constitutes an appropriate backtime sentence.

[2] Appellant filed a timely notice of appeal on November 12, 2021. On the same day, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on December 3, 2021. On December 21, 2021, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[3] Appellant "incorrectly states that [he] was on probation" rather than parole. **See** Trial Court Opinion, 12/21/2021, at 4 n.1. Accordingly, we will substitute the term parole for probation when necessary.

- 3 -

detail." *Id.* at 7. Appellant contends that, pursuant to this Court's decision in *Koger*, the trial court may not rely upon parole administrators to explain special terms of parole after sentencing, but instead the trial court must "explain such conditions during the sentencing proceeding." *Id.* Appellant asserts that the trial court may not delegate its statutorily proscribed duties to the parole office. *Id.* at 11-12. Accordingly, Appellant requests that we vacate the judgment of sentence entered following the revocation of his parole. *Id.* at 12.

Here, relying upon our Supreme Court's decisions in *Commonwealth v. Elliott*, 50 A.3d 1284 (Pa. 2012) and *Commonwealth v. Foster*, 214 A.3d 1240 (Pa. 2019), the trial court determined that Appellant's parole officers "may, consistent with their statutory authority, impose specific conditions of supervision … in furtherance of the trial court's condition of probation." Trial Court Opinion, 12/21/2021, at 3, *citing* 61 Pa.C.S.A. §§ 6131(a)(5)(ii) and *Foster*, 214 A.3d at 1244 n.5. More specifically, the trial court stated:

> In the case *sub judice*, the [trial] court informed [Appellant] at sentencing of the conditions of parole. The sentencing order, which was read to [Appellant], clearly states that [he] was to pay a cost, fine, and be subject to sex offender treatment.
>
> The [trial] court did not discuss the specifics of sex offender treatment. The exact treatment conditions would certainly be determined after an evaluation of [Appellant] by a qualified professional. Therefore, the [trial] court would not know the specifics of the treatment at the time of sentencing. The [trial] court would, therefore, rely on [the parole department] to establish the specifics of the treatment.

- 4 -

Trial Court Opinion, 12/21/2021, at 3 (unnecessary capitalization omitted). After reviewing the cases relied upon by the trial court and Appellant, we agree with the trial court's analysis.

> We adhere to the following standards:
>
> Generally, parole and probation violations are determined by the sound discretion of the trial courts and absent an error of law or abuse of discretion, should not be disturbed on appeal. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion.
>
> [...T]his Court must determine whether the evidence admitted at trial [or a revocation hearing] when viewed in the light most favorable to the Commonwealth as the [prevailing party], is sufficient to support all elements of the offenses. We cannot reweigh the evidence or substitute our judgment for the trial court.

*Koger*, 255 A.3d at 1289 (Pa. Super. 2021) (internal citations, quotations, and ellipsis omitted).

"[W]e review violations of probation and parole under the same standard." *Koger*, 255 A.3d at 1291 n.6. As such, we examine statutory and case law discussing violations of both probation and parole. Pursuant to 42 Pa.C.S.A. § 9754(a), "[i]n imposing an order of probation, the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision." 42 Pa.C.S.A. § 9754(a). "The court shall attach reasonable conditions authorized by [S]ection 9763 (relating to conditions of probation)

- 5 -

as it deems necessary to ensure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b).

A detailed, chronological examination of **Elliott**, **Foster**, and **Koger** is informative in construing the scope of the trial court's duty to articulate conditions applicable to parole. Our Supreme Court decided **Elliott** in 2012 and examined the Sentencing Code and Prisons and Parole Code, in *para materia*, to conclude:

> […T]he [Probation/Parole] Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation[/parole] that are imposed by the trial court. This interpretation gives meaning to all of the [relevant] statutory provisions [] and thus: (1) maintains the sentencing authority solely with a trial court; (2) permits the Board and its agents to evaluate probationers[/parolees] on a one-on-one basis to effectuate supervision; (3) sustains the ability of the Board to impose conditions of supervision; and (4) authorizes that a probationer[/parolee] may be detained, arrested, and "violated" for failing to comply with either a condition of probation[/parole] or a condition of supervision. In summary, **a trial court may impose conditions of probation**[/**parole**] **in a generalized manner**, **and the Board or its agents may impose more specific conditions of supervision pertaining to that probation**[/**parole**], **so long as those supervision conditions are in furtherance of the trial court's conditions of probation**[/**parole**].

**Elliott**, 50 A.3d at 1292 (emphasis added).

Subsequently, in 2019, our Supreme Court decided **Foster**. In that case, Foster was on probation for narcotics-related crimes. During the probationary period, Foster's probation officer saw several photographs Foster posted on social media depicting "guns, drugs, large amounts of money and

his sentencing sheet from his plea agreement, along with captions that he posted with some of the pictures." ***Foster***, 214 A.3d at 1243.  "Other than the photographs in question, the Commonwealth presented no evidence [] in support of its contentions [that Foster violated the terms of supervision]." ***Id.*** at 1244.  "At no time did the Commonwealth mention the conditions of Foster's [] probation, present a document detailing the conditions, or suggest that his conduct violated a specific condition of his probation." ***Id.***  Our Supreme Court further noted:

> There [was] no court order specifying the conditions of probation in the record and nothing in the record otherwise suggest[ing] that the sentencing court issued an order specifying the conditions of Foster's probation. The statute requires that "[t]he **court** shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b) (emphasis added).  The failure to do so is a violation of this statutory mandate. While [our Supreme] Court has recognized that probation officers may, consistent with their statutory authority, impose specific conditions of supervision pertaining to [] probation, ***see*** 61 Pa.C.S.A. §§ 6131(a)(5)(ii), 6151, any supervision conditions imposed must be "in furtherance of the trial court's conditions of probation." [***Elliott***, 50 A.3d at 1292].

***Id.*** at 1245.  Applying these principles to the facts of the case, the ***Foster*** Court found that the trial court erred when it "found, based on the evidence presented, that Foster violated probation because in the [trial] court's view, he was not taking his probation seriously and his behavior of posting the pictures on his social media accounts (which he admitted) was antisocial and defiant, concluding on that basis that probation was not an effective vehicle

for his rehabilitation." ***Id.*** at 1253. Ultimately, our Supreme Court determined that a trial court

> must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation. Absent such evidence, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct.

***Id.*** at 1243.

We turn now to this Court's decision in ***Koger***. While the appeal in ***Koger*** was pending, the panel remanded the matter "for clarification as to whether the trial court advised [Koger], at his initial sentencing, of the specific conditions he would be subject to under his probation and parole." ***Koger***, 255 A.3d at 1290. The trial court responded with a letter "acknowledg[ing] that it did not advise [Koger] of the general conditions of his probation or parole at the time of sentencing" but, rather, "the general rules, regulations, and conditions governing probation and parole in Washington County were explained to [Koger] by an adult probation officer immediately following the sentencing proceeding." ***Id.*** As such, this Court ultimately decided:

> Under these circumstances, we conclude the trial court erred in failing to specifically advise [Koger] of the conditions of his probation and parole at the time of his initial sentencing. ***See*** 42 Pa.C.S.A. § 9754(b); ***Foster***, 214 A.3d at 1244 n.5. We reject the Commonwealth's argument that the probation officer's [violation of parole] petition sufficiently indicated the conditions and alleged violations. ***See*** Commonwealth Brief at 8. Instead, "[t]he **court** shall attach such of the reasonable conditions ... as it deems necessary to insure or assist the defendant in leading a law-abiding life. ***See Foster***, 214 A.3d at 1244 n.5, *citing* 42

- 8 -

Pa.C.S.A. § 9754(b). Because the trial court did not impose, at the time of the August 21, 2018, sentencing any specific probation or parole conditions, the court could not have found he "violated one of the 'specific conditions' of probation [or parole] included in the probation order[.]" **See Foster**, 214 A.3d at 1250. In short, a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition. Accordingly, we reverse the revocation of probation and parole and we vacate the [] judgment of sentence.

**Id.** at 1290–1291.

Here, at the original time of sentencing, the trial court ordered Appellant to "be subject to sex offender treatment conditions" as "a condition of [his] parole." Sentencing Order, 8/21/2020, at 1. In the application to revoke parole, Appellant's parole officer averred that "[o]n June 29, 2021, [Appellant] was unsuccessfully discharged from the Alternative Community Engagement Solutions Sex Offender Treatment Program." Application to Revoke Parole, 8/6/2021, at 1, ¶ II; **see also** N.T., 10/14/2021, at 7. Appellant's parole officer testified that Appellant failed to participate in treatment and denied all accountability for his prior actions. N.T., 10/14/2021, at 7-8.

Based upon the foregoing, we conclude that the trial court did not err in revoking Appellant's parole. At the time of sentencing, the trial court generally ordered sex offender treatment for Appellant as a condition of his parole. Although the trial court did not specifically order Appellant to attend the Alternative Community Engagement Solutions Sex Offender Treatment Program, the court communicated a general condition requiring participation in sex offender treatment and the parole board properly tailored the

programing services to meet Appellant's rehabilitative needs, all in furtherance of the trial court's general condition. Furthermore, there is no dispute that the program involved sex offender treatment and that Appellant enrolled but failed to complete it. Thus, we reject Appellant's reliance on **Koger**. In that case, the trial court conceded that Koger was not advised of the general conditions of his probation or parole at the time of sentencing and that the trial court relied entirely upon the parole board to dictate the general rules, regulations, and conditions governing probation and parole after sentencing.[4] Unlike **Koger**, the trial court here generally ordered sex offender treatment as a term of Appellant's parole at sentencing and, thereafter, the parole board directed Appellant to enroll in a specific treatment program in furtherance of that goal. Ultimately, the trial court found that Appellant

_____

[4] In **Koger**, the trial court imposed special probation conditions at sentencing for possession of child pornography and criminal use of a communication facility. Koger was not permitted to have contact with any victims, ordered to submit to drug and alcohol evaluations and complete any recommended treatment, perform 100 hours of community service, and complete sexual offender counseling. **Koger**, 255 A.3d at 1287. At the violation of probation hearing, the Commonwealth presented evidence that Koger violated the terms of his parole by engaging in "assaultive, threatening, or harassing behavior," failing to allow a probation officer to visit his residence, and failing to submit to warrantless searches of his residence, vehicle, property, and/or his person. **Id.** More specifically, "[t]he Commonwealth offered evidence of [] incidents with [searching Koger's] phone contents, being removed from [a] community center, and threatening [a police] officer." **Id.** at 1288. "However, the Commonwealth offered no evidence to establish that [those] specific conditions of parole or probation were imposed on [Koger] at the time of sentencing." **Id.** Ultimately, the panel in **Koger** determined that the Commonwealth could not prove a violation since the trial court did not impose the conditions Koger was alleged to have violated.

violated the terms of his parole because he failed to complete sex offender treatment, an obligation the trial court specifically included as a condition of Appellant's supervision. The trial court's reliance on *Elliott* in rejecting Appellant's claim was proper.

Moreover, we note that the sentencing order also specifically directed Appellant to "pay the costs of prosecution in the amount of $388.75" and that as "a condition of [his] parole that he shall pay a $30.00 monthly supervision fee." Sentencing Order, 8/21/2020, at 1. In the application to revoke parole, Appellant's parole officer averred that Appellant had not made any payments toward those obligations and, therefore, violated those conditions of parole, as well. Application to Revoke Parole, 8/6/2021, at 1, ¶ I. Appellant's parole officer further testified that Appellant violated the conditions of his parole "in regards to paying costs, fines, supervision fees, and/or restitution in accordance with the payment plan." N.T., 10/14/2021, at 6. Appellant does not challenge those determinations on appeal. Accordingly, revocation of Appellant's parole was proper on this additional basis. *In re T.P.*, 78 A.3d 1166, 1170 (Pa. Super. 2013) ("[I]t is a well-settled doctrine in this Commonwealth that a trial court can be affirmed on any valid basis appearing of record.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2022