J-A19042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIGEL RAMON HARPER | : | |
| | : | |
| Appellant | : | No. 1662 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005214-2020

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY BOWES, J.:   **FILED: OCTOBER 4, 2022**

I fully agree with the learned Majority's conclusion that Appellant's claim regarding the legality of his sentence is not moot. ***See Commonwealth v. Foster***, 214 A.3d 1240, 1246 (Pa. 2019). I write separately to note my disagreement with the Majority's additional conclusion that Appellant's completion of outpatient treatment was a specific condition of his probation such that the trial court was permitted to revoke and impose a revocation sentence for his failure to complete it. Pursuant to 42 Pa.C.S. § 9754(b), the trial court was required to communicate any conditions of probation to the defendant in its order imposing the defendant's initial term of probation. However, the conditions of Appellant's probation were not sufficiently communicated to him. Thus, I would reverse the trial court's order.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant pleaded guilty to one count of driving under the influence ("DUI") as a first-time, first-tier offender. *See* N.T. Guilty Plea & Sentencing, 4/20/21, at 2. He was sentenced to six months of probation. During these proceedings, Appellant's attorney noted Appellant had received an evaluation recommending outpatient treatment for drug and alcohol abuse in Maryland. *Id*. ("Even though he doesn't need a drug and alcohol evaluation for this disposition, he does have one completed. He got it at a treatment center in Maryland. He's recommended outpatient and begins tomorrow."). In response, the trial court directed Appellant to provide a copy of the evaluation to York County Probation Department of Adult Services ("York County Probation"). *Id*. The court, however, did not explicitly include the completion of outpatient treatment as a condition of Appellant's probation, stating only that Appellant would be required to comply with "standard conditions related to a DUI offense." *Id*. at 6. No further explanation was provided.

Several months later, the Commonwealth filed a probation violation petition alleging that Appellant had failed to complete certain required counseling or treatment. *See* Petition for Violation, 9/22/21, at 2. At the revocation hearing, Appellant's counsel argued that such treatment was not included in the probation conditions imposed by the trial court. The trial court did not credit this argument. *See* N.T. Revocation Hearing, 11/18/21, at 2-3 ("Sorry, but counsel acknowledged that he's already had a drug and alcohol evaluation done and that he was recommended for outpatient treatment,

which was beginning the next day, so he was well aware of the situation."). Thus, it revoked Appellant's probation.

The Majority concludes that the passing mentions of Appellant's Maryland drug and alcohol evaluation quoted above were sufficient to place him on notice that such treatment would be a requisite part of his probation conditions. **See** Majority Memorandum at 10-11. I disagree.

Our legislature has provided that, in imposing an order of probation, a trial court "shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life." 42 Pa.C.S. § 9754(b). Our Supreme Court has ruled that the failure of a trial court to include an order "specifying the conditions of probation in the record" constitutes "a violation of this statutory mandate." **Foster**, **supra** at 1244 n.5. Furthermore, this Court recently concluded that the sentencing court "may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition." **Commonwealth v. Koger**, 255 A.3d 1285, 1291 (Pa.Super. 2021), *appeal granted*, 276 A.3d 202 (Pa. 2022).

Aside from referencing "the standard conditions related to a DUI offense," the trial court made no pronouncements or filings detailing the specific probation requirements imposed upon Appellant. **Cf**. N.T. Guilty Plea & Sentencing, 4/20/21, at 4-6. At best, the court's statements during Appellant's sentencing were ambiguous and left Appellant to guess at what

the trial court might have meant by referring to such "standard" probation conditions. Such generalized statements are insufficient to fulfill a court's statutory duty to imposes specific conditions under § 9754(b). Furthermore, I note that the trial court seemed to delegate responsibility for imposing these treatment conditions by directing Appellant to hand over his evaluation to York County Probation, without any further elucidation. *Id*. at 2. Such practice is not permitted pursuant to *Koger*, *supra* at 1291 (disapproving of court abdicating responsibility for imposing probation conditions to other officials).

Furthermore, defense counsel's mere acknowledgement of a pre-existing drug and alcohol evaluation from Maryland is an insufficient substitute for a clear and unambiguous statement from the trial court that outpatient treatment was to be a mandatory condition of Appellant's probation. As Appellant argues aptly in his brief, "[n]owhere in the court's statements is there any indication that [Appellant] was **required** to complete treatment, let alone that the failure to do so could result in revocation of his probation." Appellant's brief at 14 (emphasis in original).

Instead, this case strikes me as a fair analogue to our holding in *Koger*, *supra* at 1290 ("[T]he trial court erred in failing to specifically advise Appellant of the conditions of his probation . . . at the time of his initial sentencing."). In the absence of any specific probation conditions related to outpatient treatment actually imposed by the sentencing court, I would hold the court erred in revoking Appellant's probation. *See Foster*, *supra* at 1250 ("[A] court may find a defendant in violation of probation only if the defendant

has violated one of the **specific** conditions of probation included in the probation order or has committed a new crime.  The plain language of the statute does not allow for any other result." (emphasis added)).

Based on the foregoing, I respectfully dissent.