J-A22042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                          :          PENNSYLVANIA
                                                           :

                       v.                                           :
                                                           :

WILLIAM DIXON, II                               :
                                                           :
                     Appellant                  :      No. 1369 WDA 2021

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000403-2018

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED: OCTOBER 26, 2022**

Appellant, William Dixon, II, appeals from a judgment of sentence of 1
year less 1 day to 2 years less 1 day imposed by the Court of Common Pleas
of Indiana County following the revocation of his probation. For the reasons
set forth below, we affirm.

On March 4, 2019, Appellant pled guilty to two counts of endangering
the welfare of children and two counts of corruption of minors[1] for engaging
in sexual activities with his children. N.T. Guilty Plea at 6-12. On June 3,
2019, the trial court sentenced Appellant to consecutive terms of 6 to 12
months' incarceration and 6 months less 1 day to 12 months less 1 day for
the two endangering the welfare of children convictions and consecutive 1-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 4304(a)(1) and 6301(a)(1)(i), respectively.

year terms of probation for the two corruption of minors convictions. Sentencing Order; **see also** N.T. Sentencing at 3-5. The trial court at sentencing and in its sentencing order imposed as special conditions of probation that Appellant undergo a drug and alcohol evaluation and a mental health evaluation, that Appellant pay the costs of the evaluations and follow all treatment recommendations, and that Appellant be subject to "the special conditions for supervision of sex offenders." Sentencing Order at 2; **see also** N.T. Sentencing at 4.

On August 6, 2021, after Appellant completed serving his prison sentences and parole for the endangering the welfare of children convictions and while he was serving his probation sentence for the first corruption of minors conviction, the Commonwealth filed an application to revoke Appellant's probation in this case and two other cases that are not at issue in this appeal. With respect to this case, the Commonwealth alleged, *inter alia*, that Appellant had violated the special conditions for supervision of sex offenders by failing to set up sex offender treatment and follow treatment recommendations. Application to Revoke Probation at 2. Appellant moved to dismiss these allegations of violation of sex offender supervision conditions based on this Court's decision in **Commonwealth v. Koger**, 255 A.3d 1285 (Pa. Super. 2021) and the trial court denied that motion by order entered on September 23, 2021. Trial Court Order, 9/23/21.

At a probation revocation hearing on October 14, 2021, Appellant's probation officer testified that Appellant had violated the special conditions for supervision of sex offenders by repeatedly failing to set up sex offender treatment. N.T. Probation Revocation at 7-8, 11. Following that testimony and statements and arguments from Appellant , the trial court revoked the probation that Appellant was serving for the first corruption of minors conviction and sentenced Appellant to 1 year less 1 day to 2 years less 1 day for that conviction. *Id.* at 15-16; Trial Court Order, 10/19/21. This timely appeal followed.

Appellant presents the following single issue for our review:

Whether the Trial Court erred as a matter of law by finding Appellant violated specific conditions of probation included in probation order when the Trial Court did not properly advise Appellant of the conditions of his probation at the time of his sentencing and thus, violated *Commonwealth of Pennsylvania v. Koger*, 255 A.3d 1285 (Pa. Super. 2021).

Appellant's Brief at 5. Appellant argues that he could not be found in violation of his probation under this Court's decision in ***Koger*** because the trial court at sentencing and in its sentencing order merely stated that it was imposing "the special conditions for supervision of sex offenders" and the probation department, rather than the court, advised him of the specific condition that he violated, the requirement that he set up sex offender treatment. We do not agree.

The trial court could revoke Appellant's probation only upon proof that Appellant either: 1) violated a specific condition of his probation or 2)

- 3 -

committed a new crime. 42 Pa.C.S. § 9771(b); **Commonwealth v. Foster**, 214 A.3d 1240, 1243, 1250-51 (Pa. 2019); **Commonwealth v. Giliam**, 233 A.3d 863, 867 (Pa. Super. 2020). Specific conditions of probation must be imposed by the court in its sentence of probation, not by the probation department. 42 Pa.C.S. § 9754(b) (in imposing probation, "[t]he court shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life"); **Commonwealth v. Elliott**, 50 A.3d 1284, 1291 (Pa. 2012); **Koger**, 255 A.3d at 1291. Therefore, where the court imposes no specific conditions of probation at the time of sentencing, the defendant's probation cannot be revoked for violation of a condition prescribed by his probation officer. **Koger**, 255 A.3d at 1290-91.[2]

Where a court has imposed conditions of probation, however, probation officers may impose conditions of supervision that set forth more specifically what the defendant must or must not do, provided that those conditions are in furtherance of conditions imposed by the court. **Elliott**, 50 A.3d at 1292; **Commonwealth v. Burns**, No. 1249 EDA 2021, at 9-10 & n.6 (Pa. Super. June 10, 2022) (unpublished memorandum); **see also Foster**, 214 A.3d at 1244 n.5. A defendant's probation may be revoked based on violation of a

_____

[2]The Supreme Court granted allowance of appeal in **Koger**, but only on the issue of conditions of parole, not on this Court's ruling concerning conditions of probation. **Commonwealth v. Koger**, 276 A.3d 202 (Pa. 2022).

- 4 -

condition of supervision imposed by the probation department that elaborates on or interprets a condition of probation imposed by the court in its sentence of probation. *Elliott*, 50 A.3d at 1292; *Burns*, No. 1249 EDA 2021, at 9-11 & n.6; *Commonwealth v. Collier*, No. 1090 MDA 2020, at 4-8 (Pa. Super. April 7, 2021) (unpublished memorandum).

> **The Board [of Probation and Parole] and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court.** This … (1) maintains the sentencing authority solely with a trial court; (2) permits the Board and its agents to evaluate probationers on a one-on-one basis to effectuate supervision; (3) sustains the ability of the Board to impose conditions of supervision; and (4) authorizes that **a probationer may be detained, arrested, and "violated" for failing to comply with either a condition of probation or a condition of supervision**. In summary, **a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation**.

*Elliott*, 50 A.3d at 1292 (footnote omitted) (emphasis added).

Here, the trial court in its sentence of probation imposed "the special conditions for supervision of sex offenders" as conditions of Appellant's probation. Sentencing Order at 2; *see also* N.T. Sentencing at 4. Although the condition that Appellant violated, the requirement that he set up sex offender treatment and follow treatment recommendations, was spelled out to him by the probation department rather than being explicitly set forth at

sentencing or in the trial court's sentencing order,[3] it was permissible for the probation department to impose and advise Appellant of that condition because it was an elaboration of the sex offender conditions imposed by the trial court and was in furtherance of those conditions of probation imposed by the trial court. *Commonwealth v. McIntire*, No. 1368 WDA 2021, at 9-11 (Pa. Super. September 28, 2022) (unpublished memorandum) (upholding revocation of parole for violating parole office requirement to participate in sex offender program where trial court ordered that defendant "be subject to sex offender treatment conditions"); *Commonwealth v. Gomez*, No. 1162 EDA 2019, at 16-17 (Pa. Super. November 6, 2020) (unpublished memorandum) (upholding revocation of probation for violating sex offender rules set by probation department where court's sentence imposed "sex offender conditions").

This Court's ruling in *Koger* that the defendant could not be found in violation of his probation based on conditions set by and explained to him by the probation office is not to the contrary. In *Koger*, the defendant was alleged to have violated conditions of probation that prohibited "assaultive, threatening, or harassing behavior" and required the defendant to submit to warrantless searches and allow a probation officer to visit his residence and

---

[3] Appellant does not contend that he was not advised of that condition or unaware that he was required to set up sex offender treatment and contends only that it was not the trial court that advised him of that specific condition.

- 6 -

to have also violated his probation by texting a minor and possessing pornographic images of a minor. 255 A.3d at 1287-88. The only conditions of probation that the court had imposed, however, were a prohibition on contact with the victims, drug and alcohol evaluations and completion of any recommended treatment, 100 hours of community service, and completion of sexual offender counseling. *Id.* at 1287. The conditions of probation that the defendant violated were thus not elaborations of any condition of probation imposed by the court or more detailed conditions in furtherance of the conditions imposed by the court.

Because the condition imposed by the probation department that Appellant violated was an elaboration of the conditions of probation imposed by the trial court and was in furtherance of the trial court's conditions of probation, Appellant's sole issue in this appeal is without merit. Accordingly, we affirm the trial court.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2022