J-A24028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK ZRILLO | : | |
| | : | |
| Appellant | : | No. 20 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 23, 2021
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0002136-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:　　　　　　　　**FILED JANUARY 11, 2023**

Frank Zrillo appeals the Monroe County Court of Common Pleas'
judgment of sentence following the revocation of his probation. Prior to
revoking Zrillo's probation, the trial court held a revocation hearing, during
which Zrillo admitted to violating certain conditions of his probation. Zrillo now
essentially asserts the trial court abused its discretion by revoking his
probation because the court failed to inform him what the conditions of his
probation were at his original sentencing. We affirm.

The facts leading up to the revocation of Zrillo's probation are not in
dispute. Zrillo pleaded guilty but mentally ill to terroristic threats and simple
assault in May 2019. The trial court sentenced Zrillo in October 2019 to nine
to 18 months' imprisonment for the terroristic threats conviction. Because
Zrillo had served his minimum sentence, the court immediately paroled him

and conditioned his parole on Zrillo remaining at the Merakey Behavioral Health Inpatient Housing until successfully discharged. The court also sentenced Zrillo to a consecutive 18-month term of probation for the simple assault conviction, with the probation being subject to the rules and regulations of the Monroe County Probation Department. As a special condition of probation, Zrillo was ordered to remain at the Merakey Behavioral Health Residential Housing until successfully discharged.

After Zrillo's probation period for the simple assault charge began, the Commonwealth filed a petition for violation of probation. The petition alleged Zrillo had violated several of his probation conditions, including allegations that Zrillo had: failed to report to his probation officer; failed to comply with the law as he had been charged with harassment on April 3, 2021; and failed to abstain from using controlled substances, having tested positive for marijuana and methamphetamine on multiple occasions. The petition also alleged Zrillo had been involuntarily committed to mental health facilities several times in 2020 and once in 2021, and had been unsuccessfully discharged from Merakey.

The trial court held a hearing on the revocation petition on April 29, 2021. The focus of the hearing was primarily on the appropriate placement for Zrillo, given his lengthy history of being in and out of mental health facilities and housing. The court agreed it would defer resentencing so that

defense counsel could explore what treatment options and resources remained available for Zrillo.

However, the court stated it would still adjudicate the violation petition. In that regard, Zrillo admitted he had violated his probation by failing to report to his probation officer and by testing positive for controlled substances. **See** N.T., 4/29/21, at 16. The court revoked Zrillo's probation, and stated that it did not matter to the court whether Zrillo admitted to each and every violation because "if he's admitting to one violation, he'll be revoked, and he's going to be resentenced." **Id.** at 17.[1]

The court resentenced Zrillo on November 19, 2021, to six to 24 months' incarceration on the simple assault conviction. The court did not resentence Zrillo on the terroristic threats charge, as he had served his maximum sentence for that charge.

Zrillo filed a motion for reconsideration of his sentence, which the court denied. He then filed a timely notice of appeal. Zrillo also filed a motion for parole. The court granted that motion on December 21, 2021, and paroled Zrillo to the Merakey Extended Acute Care Program. Both Zrillo and the trial

---

[1] Zrillo did not include the notes of testimony from his probation revocation hearing in the certified record, as is his burden to do. **See Commonwealth v. Shreffler**, 249 A.3d 575, 584 (Pa. Super. 2021). However, upon informal inquiry from our Prothonotary, this Court was able to supplement the certified record to include the notes of testimony from the hearing.

court complied with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the trial court noted it was "very familiar" with Zrillo after "many years of litigation" and that the revocation sentence it had imposed allowed Zrillo to have the proper supervision and the medical treatment he needed. Trial Court Opinion, 1/21/22, at 2 (unpaginated).

Zrillo raises a single issue on appeal.[2] He claims the court abused its discretion by revoking his probation in violation of *Commonwealth v. Koger*, 255 A.3d 1285 (Pa. Super. 2021), *appeal granted*, 276 A.3d 202 (Pa. April 5, 2022). This claim does not entitle Zrillo to any relief.

In *Koger,* this Court reiterated that the Commonwealth must prove a violation of probation by the preponderance of the evidence and, once it does so, the decision to revoke probation is a matter for the sound discretion of the trial court. *See id.* at 1289. *Koger* also reiterated that a trial court may only find a defendant in violation of probation if the defendant either violated one of the specific conditions of probation included in the probation order or if he has committed a new crime. *Id.* at 1290. The defendant in *Koger* ("Koger") had not been charged with any new offense. *See id.* at 1289. As such, Koger argued that the court erred by revoking his probation because the Commonwealth had failed to meet its burden of proving he violated any of the

---

[2] Zrillo specifically withdraws a second claim challenging the propriety of his sentence given his "extreme mental health issues." *See* Appellant's Brief at 13.

specific conditions of his probation given that the court had not advised him of those conditions at the time of sentencing. *See id.*

This Court agreed. We noted that our Court had previously remanded the matter so the trial court could clarify whether it had advised Koger, at sentencing, of the conditions he would be subject to while on probation. The court responded that it had not advised Koger of the general conditions of his probation at the time of sentencing. Rather, pursuant to local practice, a probation officer had advised Koger of those conditions after he was sentenced. We held that the court's shifting of its duty to advise the defendant of the conditions of his probation at the time of sentencing to a probation officer violated 42 Pa.C.S.A. § 9754(b), which provides that the "court shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a  law-abiding life." *Koger*, 255 A.3d at 1290, 1291 (citation omitted). We found, in turn, that because the court did not impose the conditions Koger was alleged to have violated, the Commonwealth could not have met its burden of proving Koger had violated any such conditions. *See id.* at 1291.

Zrillo argues the court's revocation of his probation violated *Koger.* His argument in support of that broad assertion is less than clear. Zrillo acknowledges his original sentencing order sentenced him to probation subject to the rules and regulations of the Monroe County Probation

Department. He contends **Koger** held that the inclusion of this language in a sentencing order does not comply with the court's statutory duty pursuant to Section 9754(b). But this is not what **Koger** held. **Koger** does not indicate that this or equivalent language was placed in the sentencing order, and therefore at issue, in **Koger. See id.** at 1287. In fact, the decision indicates the opposite by pointing out in a footnote that, "to its credit," the trial court had implemented new procedures to ensure all defendants are "advised by the court, at the time of sentencing, that the court is imposing the general rules, regulations and conditions governing probation and parole in Washington County" and by further including the conditions in writing in all sentencing orders. **Id.** at 1290 n.5 (citation omitted).

In any event, **Koger** is inapplicable to Zrillo's situation for more glaring reasons. First and foremost, Zrillo, unlike Koger, admitted at his revocation hearing that he had violated certain conditions of his probation. One of the conditions Zrillo admitted to violating was the use of controlled substances. This is a criminal offense, and **Koger** makes clear the trial court can revoke probation when a defendant has committed a new criminal offense. Because Zrillo admitted he had violated the terms of his probation by participating in new criminal conduct, he has, as the Commonwealth points out, waived any challenge to the revocation of his probation on that basis. **See Commonwealth v. Cooper**, 277 A.3d 1190, 1195 (Pa. Super. 2022) (holding the defendant waived his right to challenge the finding that he had violated

his parole because he had stipulated that he violated his parole by committing a new criminal offense); Commonwealth's Brief at 6 (arguing that Zrillo waived a challenge to the underlying violation by "admitting to violating the terms of probation by participating in criminal conduct").

Moreover, by admitting he had violated his probation conditions, Zrillo was inherently also admitting he was aware of those conditions and that he was required to follow them. He has therefore waived any claim that he had no knowledge of the probation conditions he was required to follow but admittedly had not. At the same time, by admitting to the violations, Zrillo has also waived any claim that the Commonwealth failed to meet its burden of proving the violations under **Koger.** The Commonwealth made clear it had witnesses prepared to testify at the revocation hearing, but such testimony was found to be unnecessary in light of Zrillo's admissions that he had violated his probation. **See** N.T., 4/29/21, at 3, 6. He cannot now argue, under these circumstances, that the Commonwealth failed to meet its burden to prove he violated his probation. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/2023