J-S31035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL L. BLACK | : | |
| | : | |
| Appellant | : | No. 1501 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006569-2018

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 5, 2022**

Appellant Daniel L. Black appeals from the judgment of sentence entered by the Court of Common Pleas of Delaware County following the revocation of his probation. Appellant challenges the legality and discretionary aspects of his sentence. After careful review, we affirm.

On April 17, 2017, Appellant pled guilty to driving under the influence (DUI) - first offense, resisting arrest, and possession of a small amount of marijuana on docket number CP-23-CR-0001354-2017 (the "2017 case"). The trial court sentenced Appellant to time served to six months' incarceration and a consecutive two-year term of probation.

On December 21, 2018, Appellant entered a negotiated guilty plea to DUI - second offense and driving on a suspended license on docket number

_____

[*] Former Justice specially assigned to the Superior Court.

CP-23-CR-0006569-2018 (the "2018 case"). The trial court sentenced Appellant to ninety days' to twenty-three months' imprisonment to be followed by three years' probation. As the 2018 convictions constituted a violation of Appellant's probation on the 2017 case, the trial court subsequently revoked Appellant's probation on the 2017 case and sentenced him to three to twenty-three months' incarceration concurrent to the sentence in the 2018 case.

On April 9, 2020, Appellant appeared for another probation violation hearing and stipulated that he was in violation of probation in both the 2017 case and the 2018 case. Notes of Testimony (N.T.), 4/9/20, at 3. On the 2018 case, Appellant received a sentence of back time of 562 days and three years of concurrent probation. Appellant was granted immediate parole. On the 2017 case, Appellant was sentenced to 574 days of back time, concurrent to the 2018 case, with immediate parole.

Thereafter, Appellant was arrested and charged with criminal trespass at docket number CP-23-CR-0006569-2018. At a *Gagnon I* hearing on October 1, 2020, the lower court noted that the new arrest constituted another violation of Appellant's probation on the 2017 and 2018 cases and deferred the scheduling of the *Gagnon II* hearing upon the disposition of his new arrest.[1] The parties agree that Appellant's probation officer submitted a report

_____

[1] Probation revocation hearings are conducted in the following manner:

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to

*(Footnote Continued Next Page)*

dated May 14, 2021, indicating that in addition to the new arrest, Appellant had several technical violations of probation.

On June 23, 2021, on docket 0006569-2018, Appellant agreed to plead guilty to an amended charge of disorderly conduct and was sentenced to time served to 12 months' incarceration. On the same day, Appellant proceeded to a *Gagnon II* hearing and stipulated that he had violated probation on the 2017 and 2018 cases. N.T., 6/23/21, at 20. On the 2017 case, Appellant was sentenced to 180 days back time with immediate parole. On the 2018 case, Appellant was sentenced to six to thirty-six months' incarceration.

On June 30, 2021, Appellant filed a "Motion for Withdraw of Guilty Plea and for Reconsideration of *Gagnon II* Sentences." On July 22, 2021, Appellant filed a notice of appeal. On July 28, 2021, the trial court denied the post-sentence motion. Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

1. Whether the lower court lacked authority to revoke a consecutive sentence of probation that Appellant had not yet begun to serve, such that the resultant revocation sentence is

---

believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa.Super. 2001) (citations omitted). *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

illegal pursuant to *Commonwealth v. Simmons*, 262 A.3d 512 (Pa.Super. 2021) (*en banc*)?

2. Whether the lower court erred as a matter of law and abused its discretion in finding Appellant in violation of probation where the lower court did not advise Appellant of any conditions of his probation or parole at the time of his sentencing, resulting in an illegal sentence?

3. Whether the lower court erred as a matter of law and violated the discretionary aspects of sentencing when it imposed a manifestly excessive sentence  and unreasonable revocation sentence, failed to consider or obtain knowledge of Appellant's personal history and rehabilitative needs, and imposed a sentence that was in excess of what was necessary to address the gravity of the offense, the protection of the community, and Appellant's rehabilitative needs?

Appellant's Brief, at 4.

First, Appellant claimed the trial court imposed an illegal sentence pursuant to *Simmons* as he alleged that the trial court revoked a probationary sentence that he had not begun to serve. *See Commonwealth v. Simmons*, 262 A.3d 512 (concluding there is no authority for a trial court to anticipatorily revoke an order of probation that the defendant has not begun serving).[2]

However, Appellant has since filed a reply brief, agreeing with the Commonwealth that the trial court did not violate *Simmons* as Appellant's violative conduct occurred while he was serving the probationary term which the trial court had imposed in April 2020 to run *concurrently* with his sentence of back time.  As a result, we agree that *Simmons* is inapplicable.

---

[2] Our Supreme Court is currently reviewing the *Simmons* decision in *Commonwealth v. Rosario*, 1271-73 WDA 2020, 2021 WL 4129781 (Pa.Super. filed Sept. 10, 2021), *appeal granted*, 271 A.3d 1285, 298-300 WAL 2021 (Pa. January 25, 2022).

Second, Appellant claims the trial court improperly found Appellant in violation of his probation as he was never advised of the specific conditions of his probation. Appellant cites to **Commonwealth v. Koger**, 255 A.3d 1285 (Pa.Super. 2021)[3] and **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019) for the proposition that a "court may find a defendant in violation of probation only if the defendant has violated one of the specific conditions of probation or parole included in the probation order or has committed a new crime." **Koger**, 255 A.3d at 1290 (citing **Foster**, 214 A.3d at 1250).

The instant case is distinguishable from **Koger** and **Foster** as Appellant expressly stipulated that he had violated his probation. By doing so, he conceded to the trial court that he was aware of the probation conditions that he was required to follow and violated those conditions. As such, the Commonwealth was relieved of its burden to produce evidence to prove that Appellant was in violation of his probation. Therefore, by stipulating to the probation violations, Appellant waived his right to claim that he had no knowledge of the conditions of his probation that he was required to follow.

Moreover, on the same day of his **Gagnon II** hearing, immediately before his probation was revoked, Appellant pled guilty on docket 0006569-2018 to a new offense of disorderly conduct, which was a direct violation of

---

[3] Our Supreme Court granted allowance of appeal in **Koger**. **See Commonwealth v. Koger**, 270 WAL 2021, 2022 WL 1014268 (Pa. April 5, 2022).

his probation on the 2017 and 2018 probation terms. Accordingly, Appellant's claim is meritless.

Lastly, Appellant argues that the trial court abused its discretion in imposing his sentence upon the revocation of his probation. In an appeal from a revocation sentencing, "we may review the validity of the revocation proceedings, as well as the legality and discretionary aspects of any new sentence imposed." **Commonwealth v. Banks**, 198 A.3d 391, 398 (Pa.Super. 2018) (citing **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033-34 (Pa.Super. 2013) (*en banc*)).

The following principles apply to our consideration of Appellant's challenge to the discretionary aspects of his sentence:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, Appellant filed a timely notice of appeal and preserved his challenge in a post-sentence motion. He also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). We may now evaluate whether Appellant has raised a substantial question for our review.

Appellant asserts that he has raised a substantial question worthy of review in claiming that the trial court failed to adhere to the principles set forth in 42 Pa.C.S.A. § 9721(b) which requires that the sentence imposed to "call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). This Court has found that a claim that a sentencing court failed to consider the Section 9721(b) factors presents a substantial question for our review. *Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa.Super. 2016) (citing *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa.Super. 2012)). As such, we will proceed to the merits of Appellant's claim.

Our standard of review is as follows:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Starr***, 234 A.3d 755, 760–61 (Pa.Super. 2020) (quoting

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-84 (Pa. Super. 2012)).

Section 9771(b) provides that, upon the revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). The revocation court is permitted to sentence a defendant to a term of total confinement if "the defendant has been convicted of another crime." 42 Pa.C.S.A. § 9771(c)(1).

> In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S.A. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citations

and quotation marks omitted) (emphasis added).

In this case, the trial court indicated that it considered the gravity of Appellant's offense and took into account the weight of the charges which resulted in the revocation of Appellant's probation. The trial court also accepted the recommendation of Appellant's probation officer who recommended the imposition of a sentence of total confinement. N.T.,

- 8 -

6/23/22, at 21. The trial court considered the testimony of both counsel who agreed that Appellant needed assistance to address his issues with mental health and substance abuse. *Id*. at 21-23. Moreover, the trial court gave Appellant an extensive opportunity to speak on his own behalf. *Id*. at 24-29.

Upon the presentation of all of this information, the trial court judge informed Appellant that he would sentence him to a state sentence with a short minimum sentence so that Appellant would get access to treatment and could be released from prison upon completion of the treatment program. *Id*. at 30. The trial court also shared that he would recommend SCI Chester, which could evaluate Appellant for proper treatment. *Id*. The trial judge specifically told Appellant that he was imposing the state sentence "not because I want to punish you but because I think you need some treatment" and this sentence was a "way I can make sure you get it." *Id*. at 30-31.

In reviewing the transcript from the revocation proceeding, we conclude that the revocation court considered all the appropriate factors pursuant to Section 9721 and imposed a sentence within its discretion. As a result, Appellant's challenge to the discretionary aspects of his sentence has no merit.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes has joined.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2022