J-S34009-22

2022 PA Super 188

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :                   PENNSYLVANIA
                                             :
            v.                               :
                                             :
                                             :
                                             :
BRADY ALAN REED                              :
                                             :
            Appellant                        :   No. 316 WDA 2022

Appeal from the Judgment of Sentence Entered February 17, 2022
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000143-2015

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

OPINION BY DUBOW, J.:                        **FILED: NOVEMBER 4, 2022**

Appellant, Brady Alan Reed, appeals from the judgment of sentence entered on February 17, 2020, in the Court of Common Pleas of Clarion County, after the court recommitted him to imprisonment following revocation of his parole.[1] For the reasons discussed below, we vacate and remand.

On March 26, 2020, the trial court sentenced Appellant to serve 6 months to 2 years less 1 day of incarceration. As conditions of his sentence, the court ordered that Appellant refrain from illicit drug use, pay fines and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that throughout his brief, Appellant conflates the terms probation and parole. We emphasize for the benefit of the parties that probation and parole are distinct. **See Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2007).

costs, complete a drug and alcohol evaluation and any treatment recommendations, and report to Clarion County Adult Probation.[2]

On October 7, 2020, the court released Appellant on parole. On January 26, 2022, the office of Clarion County Adult Probation Services sent Appellant a "Violation Notice," alleging that he had violated the terms of his parole. The Violation Notice cited to several parole "rule violations," each followed by a factual recitation of Appellant's conduct that constituted the violation.

Appellant waived his right to a **Gagnon I**[3] violation of parole ("VOP") hearing. On February 17, 2022, the court held a **Gagnon II** VOP hearing. At the hearing, Appellant's parole officer, Curtis Drake, testified that between March 26, 2021, and January 7, 2022, he found scales and syringes in a bag belonging to Appellant. Officer Drake opined that the paraphernalia was indicative of drug use. Officer Drake also testified that Appellant had failed to submit to a court-ordered drug and alcohol evaluation, was delinquent in payment of his court-ordered financial obligations, and had failed to report to Officer Drake on multiple occasions.

_____

[2] The court imposed the March 26, 2020 sentence after it found that Appellant violated a previously imposed term of probation. The sentence incorporated "all terms and conditions of the [two] previous order[s] not amended by this Order[,]" which included the payment of fines and costs and Appellant's refrain from drug and alcohol use. **See** Trial Ct. Or., 3/26/20, 2; Trial Ct. Or., 9/20/18, at ¶ 4; Trial Ct. Or., 10/21/15, at ¶¶ 2-4(a).

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (concluding that due process requires parolee be given a preliminary (**Gagnon I**) and final (**Gagnon II**) hearing prior to parole revocation).

Appellant testified in relevant part that he was fully employed between March of 2021 and his arrest in January of 2022. The VOP court did not hear any other testimony or receive any other evidence regarding Appellant's ability to pay his financial obligations.

At the conclusion of the hearing, the court found that Appellant had violated his parole by (1) using illicit drugs, (2) failing to pay court-ordered fines and costs, (3) failing to submit to a drug and alcohol evaluation, and (4) failing to report to his parole officer. As a result, the court revoked Appellant's parole and recommitted him to serve the balance of his March 26, 2020 sentence.

Appellant timely filed a Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issues for our review:

> 1. Did the "Violation Notice" provide Appellant with sufficient notice of his alleged parole violations?
>
> 2. Did the VOP court err by finding Appellant in violation of his parole for violation of "rules" not incorporated into his initial sentencing order?
>
> 3. Did the VOP court err by recommitting Appellant to incarceration for failure to pay fines and costs, without first conducting an ability to pay hearing?

Appellant's Br. at 6 (rephrased for clarity).

The Commonwealth bears the burden to prove a parole violation by a preponderance of the evidence. *Commonwealth v. Koger*, 255 A.3d 1285, 1289 (Pa. Super. 2021). "[O]nce it does so, the decision to revoke parole is a

- 3 -

matter for the court's discretion." ***Id.*** We will not disturb the trial court's decision "absent an error of law or abuse of discretion[.]" ***Id.***

Appellant's first issue relates to the January 26, 2022 Violation Notice. He argues that the notice was insufficient to apprise him of the full breadth of his alleged parole violations. Appellant's Br. at 12-13. Appellant did not, however, raise this issue in the trial court. As a result, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). ***See Commonwealth v. Collins***, 424 A.2d 1254 (Pa. 1981) (holding that allegation that violator received inadequate notice was waived for failing to raise an objection in the VOP court); ***Commonwealth v. Miller***, 1689 EDA 2021, 2022 WL 2813609 at *2 (Pa. Super. filed July 9, 2022) (non-precedential decision) (recognizing the "well-established" rule "that objections not raised during a [counseled] revocation proceeding will not be considered on appeal").

In his second issue, Appellant argues that the VOP court could not "use any of the[] rules [listed on the Violation Notice] as a basis for violating [his parole]" because the court did not apprise him of those rules at his initial sentencing. ***Id.*** at 13-14. Appellant argues that the parole department imposed those "rules" and, as a result, he could not be found in violation of his parole for his failure to abide by them. ***Id.*** In support, Appellant cites this Court's decision in ***Koger***.

In ***Koger***, 255 A.3d at 1290, we reversed the VOP court's finding of a parole violation because the sentencing court failed to advise the defendant

of **any** conditions of his parole at sentencing. Instead, an adult probation officer explained "the general rules, regulations, and conditions governing probation and parole" immediately after sentencing. *Id.* We opined that "a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition."[4] *Id.* at 1291.

In the instant case, the trial court found *Koger* distinguishable because it found Appellant in violation of parole conditions that it had specifically imposed at sentencing. Trial Ct. Op., 5/23/22, at ¶ 5. We agree.

At Appellant's March 26, 2020 sentencing, the court imposed "special conditions," including (1) that he refrain from illegal drug use, (2) the payment of fines and costs, (3) the completion of a drug and alcohol evaluation and all

---

[4] We note that it remains the law in this Commonwealth that "a trial court may impose conditions of [parole] in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that [parole], so long as those supervision conditions are in furtherance of the trial court's conditions of [parole]." **Commonwealth v. Elliot**, 50 A.3d 1284, 1292 (Pa. 2012). **See Commonwealth v. McIntire**, No. 1368 WDA 2021, 2022 WL 4491561 (Pa. Super. filed Sept. 28, 2022) (non-precedential decision) (providing a comprehensive review of the current state of the law in this area). Our decision in **Koger** was premised on the court's complete failure to advise the defendant of the court-imposed conditions.

treatment recommendations, and (4) supervision by the Clarion County Adult Probation department. Trial Ct. Or., 3/26/20, at 1-2.[5]

At Appellant's VOP hearing, the court found Appellant in violation "of conditions that were related to you specifically in your sentence[ing] order[.]" N.T. Hr'g, 2/17/22, at 28. It found that Appellant violated the terms of his parole by "failing to pay fines[ and costs]; failing to submit to a drug and alcohol assessment; engaging in the use of illegal substances; [and] absconding from supervision for a several month period of time." Trial Ct. Or., 2/17/22, at 1.

Because the court found Appellant in violation of specifically imposed terms of his parole, and not rules imposed by the Clarion County Adult Probation department, Appellant's VOP proceeding did not implicate **Koger**. Consequently, Appellant's argument fails.

In his final issue, Appellant argues that the court erred by sentencing him to a term of incarceration for failure to pay fines and costs, without first conducting an ability to pay hearing.[6] Appellant's Br. at 14-15. We agree.

_____

[5] As stated *supra*, the March 26, 2020 order specifically incorporated the special conditions imposed in the September 20, 2018, and October 21, 2015 sentencing orders. Trial Ct. Or., 10/21/15, at ¶¶ 1-4(a); Trial Ct. Or., 9/20/18, at ¶ 4.

[6] We note that Appellant argues on appeal that the VOP court erred by *revoking his parole* before conducting an ability to pay hearing. Appellant's Br. at 14-15. Appellant has provided no support for this argument. **See id.** Rather, Appellant cites case law requiring a VOP court to hold an ability to pay hearing before imposing a sentence of incarceration. **See id.** at 14 (citing
*(Footnote Continued Next Page)*

"A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs." Pa.R.Crim.P. 706(A). In other words, "[p]rior to imprisoning a contemnor for failure to pay fines or costs, the trial court must render findings of fact on the contemnor's financial resources." *Commonwealth v. Diaz*, 191 A.3d 850, 866 (Pa. Super. 2018).

This Court has held that, where a parolee's "failure to pay his financial obligations factored into the court's reasoning [for imposing an incarceration sentence] in any way, Appellant was entitled to an ability-to-pay hearing." *Commonwealth v. Cooper*, 239 A.3d 91, 2020 WL 4218861 at *2 (Pa. Super. filed July 23, 2020) (non-precedential decision). This is so even when the VOP court has found multiple parole violations sufficient to justify parole revocation and incarceration. *See id.* (remanding for ability-to-pay hearing despite the fact that nonpayment of financial obligations was one of several reasons the VOP court articulated for revoking parole and recommitting the defendant to incarceration). *See also Commonwealth v. Keeno*, 237 A.3d 471, 2020 WL 2571191 at *2 (Pa. Super. filed May 21, 2020) (non-precedential decision) (same).

_____

*Commonwealth v. Diaz*, 191 A.3d 850 (Pa. Super. 2018)). The latter issue raises a question of sentencing legality, which we address here *sua sponte*. *See Commonwealth v. Prinkey*, 277 A.3d 554, 562 (Pa. 2022) (recognizing legality of sentence claim where court "imposed [sentence] without the fulfillment of statutory preconditions to the court's sentencing authority").

Even though the VOP court properly found violations of parole and sentenced the defendant based on those violations, our case law still required the court to hold an ability to pay hearing before entering any sentence of incarceration. The VOP court erred by failing to give Appellant the opportunity to establish his inability to pay his court-ordered financial obligations prior to imposing an incarceration sentence. As a result, we vacate Appellant's judgment of sentence and remand for a new sentencing hearing at which the VOP court must render appropriate findings on Appellant's ability to pay his financial obligations before imposing sentence.[7]

Case remanded for resentencing after a determination of Appellant's ability to pay his financial obligations. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2022

---

[7] We note that upon revocation of parole, the VOP court's sentencing choices are recommitment to back-time or immediate re-parole. **Commonwealth v. Fair**, 497 A.2d 643, 645 (Pa. Super. 1985).