J-S19029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMA JEAN HARBOLD | : | |
| | : | |
| Appellant | : | No. 1554 MDA 2022 |

Appeal from the Order Entered October 27, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002090-2019

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: OCTOBER 10, 2023**

Norma Jean Harbold appeals from the order entered after the court determined that she willfully violated the terms of her parole by failing to pay outstanding court costs and restitution. Harbold argues the court erroneously found her violation willful when she lacked the ability to pay her court costs and restitution. We affirm.

In September 2019, Harbold pleaded guilty to theft by deception.[1] At the plea and sentencing hearing, Harbold admitted she had offered to help the victim, who was going blind, write checks totaling $2,750 to pay her real estate taxes but made the checks out to herself. The victim testified that her real property was sold at a public auction for $7,000 because her taxes went unpaid. **See** N.T., 9/18/19, at 3-5.

_____

[1] 18 Pa.C.S.A. § 3922(a)(1).

The Commonwealth requested restitution in an amount exceeding $120,000, based on the tax-assessed value of the property. *Id.* at 7. Harbold requested a restitution hearing, claiming that the property is a vacant, landlocked lot, and not worth the value assigned by the Commonwealth. *Id.* at 7, 8. Harbold also questioned why the victim had not appealed the sale of the property after receiving notification of the appeal period from the tax bureau. *Id.* at 12.

The court sentenced Harbold to six months of house arrest and five years of probation. *Id.* at 12.[2] It ordered Harbold to pay court costs and $121,650 in restitution. *Id.* The court scheduled a restitution hearing but the day before the hearing was to occur, it entered an order modifying the restitution amount to $12,000 "by agreement of the parties." Order, 12/4/19, at 1. Harbold did not appeal her judgment of sentence or the order modifying her restitution. Harbold later filed a petition under the Post Conviction Relief Act, which the trial court denied. Harbold did not appeal.

Harbold failed to pay her court costs and restitution, in violation of the terms of her probation, and in June 2021, the court held a hearing. Harbold was no longer represented by trial counsel and proceeded *pro se*. Harbold first stated she did not intend to make any payments because she wanted a jury trial. N.T., 6/15/21, at 3-4. She also argued that the restitution amount was too high because the real property the victim had lost was worthless. *Id.* at

_____

[2] The written sentencing order in the certified record is unintelligible.

4-5. Harbold contended that restitution should have only been $2,750, because "[t]hat's what [she] plead[ed] guilty to." *Id.* at 7. Harbold stated she would pay a legal advisor "$10,000" to help her contest the restitution amount before she would make any restitution payments. *Id.* 14, 15. She also claimed that she only took the money from the victim to pay for her car repairs, stating she needed her car to drive the victim places. *Id.* at 15. The court informed Harbold that if she does not make payments, she could be put in jail. *Id.* at 7-8. Harbold agreed to pay the uncontested amount of restitution — $2,750 — within 30 days. *Id.* at 16.

When she failed to make the payment, the court revoked Harbold's probation and resentenced her in September 2021 to a new term of five years' probation. The court asked Harbold how much she could afford to pay toward her outstanding balance, and Harbold responded that she was able to pay $75 per month. N.T., 9/27/21, at 5. The court ordered her to pay $2,750 by November 2021, and $75 per month thereafter. *Id.* at 6.

Harbold still failed to make any payments. In December 2021, the court held another hearing. Harbold stated she had not made any payments because she was waiting for notice that her restitution amount had been changed to $2,750. She said, "[M]y attorney said you get a statement for the 2750, otherwise they're gonna make you pay for that property and I'm not paying for that property." N.T., 12/7/21, at 3. The court explained that Harbold was obligated to pay the total amount of restitution and court costs imposed following her guilty plea, not just the amount she had acknowledged she had

stolen. Harbold stated, "I pled guilty to 2750," and the court responded, "No, you pled guilty and an amount of restitution was imposed and it was not appealed. Ultimately, this is going to end up in incarceration." *Id.* at 3. Harbold responded, "Do what you gotta do. I'm not paying for that property." *Id.* at 4. The court found Harbold violated the terms of her probation and imposed a new sentence of 10 days to six months' incarceration and a consecutive four-and-a-half years' probation. *Id.* at 15.

Harbold still failed to pay, and in February 2022, the court held yet another hearing, this time for violation of parole. Harbold continued to argue that the value of the victim's property was not worth the full restitution amount. She stated, "I am objecting to this whole thing." N.T., 2/18/22, at 4-5. The court responded,

> Since you are going to take an intrenched position that you do not owe the fines, costs and restitution that you have continued to take throughout these proceedings, I don't think I have any remedies left to me other than incarceration. I mean, you basically said you're not going pay what the Court has ordered you to pay as a result of your theft.

*Id.* at 5. The court revoked Harbold's parole and committed her to serve another 20 days of her prison sentence before eligibility for release. *Id.* at 8.

Harbold failed to make any payments, and the court scheduled a hearing for June 21, 2022.[3] Harbold failed to appear, and the court issued a bench

---

[3] The petition for contempt that was the basis for this hearing, and the corresponding order scheduling June 21, 2022 hearing and instructing Harbold to appear, are not in the certified record. The docket indicates the order to appear was served on Harbold's prior counsel.

warrant. According to the docket, the warrant was returned on August 18, 2022. The next day, the court vacated the warrant, appointed counsel for Harbold, and scheduled a hearing. At the hearing, Harbold's counsel raised the issue of Harbold's ability to pay. The court ordered Harbold's release and rescheduled the hearing for September 26, 2022.

At the September 26 hearing, Harbold, through counsel, argued that she lacked the ability to pay her restitution and court costs. An employee of the Lancaster County Adult Probation and Parole Collections Enforcement Unit, Victoria Brown, testified. She stated that in preparation for the hearing, she had met with Harbold to determine her income and expenses. She said Harbold brought her a statement showing her bank account transactions for the previous month (August).[4] Brown stated she calculated Harbold's monthly income at $1,366.59, and her monthly living expenses at $704.85. Brown testified that Harbold has outstanding debt to York County for another criminal case, which Brown incorporated into her calculation of Harbold's monthly expenses. Brown testified that Harbold has been making regular payments towards satisfying her debt to York County. Brown stated that in contrast, Harbold had never made a payment on her debt to Lancaster County.

On cross-examination, Brown testified that she did not know if there was any public transportation in Harbold's neighborhood, and stated that she

---

[4] Brown specified that the document was a transaction report rather than a bank statement. N.T., 9/26/22, at 7-8. The exhibits introduced into evidence at the hearing are not included in the certified record.

had not accounted for Harbold's outstanding car-repair bill. Brown testified that she had calculated Harbold's food budget at $50 per month but admitted that the transaction summary showed Harbold had spent $58.32 on food during the prior month. Brown also testified that she had not included any expenses for Harbold's cats, her P.O. box, or her laundry, as she could not verify the amount of these expenses.

Harbold testified that she is 80 years old and lives on social security and a pension of $104.59 per month. She stated her pension is in jeopardy due to her former employer's bankruptcy. Harbold also testified that she has no public transportation to her house, there is no supermarket within walking distance, and she is still paying for the most recent repairs to her car. Harbold said that at the time of the hearing, she had $2.37 in her bank account.

However, when confronted on cross-examination as to why she was making $65 monthly payments towards her court costs in York County but nothing toward her outstanding balance in Lancaster County, Harbold testified that she was not making her payments primarily because she disliked how her Lancaster County case had been handled:

Q: What makes Lancaster County different than York County?

A: Because I object to the way my case was handled.

Q: In Lancaster County?

A: Yes.

Q: The reason you haven't paid anything is because you object to the way your case has been handled?

A: Exactly.

Q: Okay. It's not because you don't have the ability to pay. It's because you don't like the way this all shook out, correct?

A: I don't have the ability to pay, but that's second to how this case was handled.

N.T. 9/26/2022, at 27. On re-direct examination, Harbold reasserted that she lacks the ability to pay:

Q. When we talk about why you haven't been paying, it's been two things, right: You can't and you have a problem with the way your case was handled, right?

A. Correct.

Q. Even if you didn't have a problem with the way your case was handled, you still couldn't make payments?

A. Correct.

*Id.* at 31.

The court found Harbold willfully violated the terms of her parole. It revoked her parole and recommitted her to serve an additional three months of her prison sentence before being released.

Harbold appealed.[5] Her sole issue is whether the court erred "when it found that [she] willingly violated her terms of supervision when she lacked the ability to pay her court costs and restitution?" Harbold's Br. at 4.

Harbold argues the court improperly revoked her parole because the Commonwealth did not prove that she willfully violated the terms of her

_____

[5] The court did not enter the order revoking her parole on the docket until October 27, 2022. Harbold thereafter filed a Petition for Leave to Appeal *Nunc Pro Tunc*, which the court granted. However, as Harbold filed notice of appeal within 30 days of the court's entry of the order on the docket, the notice of appeal was timely. ***See Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa.Super. 2015).

supervision. Harbold argues that the evidence shows she lives barely above the federal poverty level, and that Brown's estimate of her expenses should have included the costs to maintain her vehicle, as there is no public transportation in her area. Harbold contends that neither her disappointment with how her case was handled nor her history of paying her York County fines negate the fact that she is unable to make payments on the instant case.

The court's decision to revoke parole is a matter of discretion, which we will not disturb unless the court abused its discretion or erred in the law. ***Commonwealth v. Reed***, 285 A.3d 334, 337 (Pa.Super. 2022).

A court may only revoke parole for a failure to pay restitution "if the failure results from the offender's inability to pay." 18 Pa.C.S.A. § 1106(c)(2)(iii). The court must "inquire into the reasons for a defendant's failure to pay and to make findings pertaining to the willfulness of the party's omission." ***Commonwealth v. Eggers***, 742 A.2d 174, 175-76 (Pa.Super. 1999). The Commonwealth bears the burden to prove the parole violation by a preponderance of the evidence. ***Reed***, 285 A.3d at 337.

In coming to its decision to revoke parole, the trial court observed that Harbold had admitted that her primary reason for failing to make payments was her dissatisfaction with the resolution of her case. The court further noted that until the instant hearing, Harbold's sole explanation for her failure to pay was her dissatisfaction with the way her case was handled and her disagreement with the amount of restitution. The court further considered the income and expense statement Brown had submitted. The court concluded

that overall, the evidence "demonstrated that [Harbold] intentionally did not pay her Lancaster Court costs and restitution out of dissatisfaction with the resolution of her case rather than [her] inability to pay." Trial Court Opinion, 12/22/22, at 4.

We find no abuse in the trial court's discretion, as the Commonwealth proved by a preponderance of the evidence that Harbold had willfully failed to pay her restitution and court costs. Harbold's previous acknowledgement that she can afford to pay $75 per month, her payments to York County, and her multiple on-the-record statements that she simply refuses to pay restitution to Lancaster County belie her position that she cannot make any payments towards her outstanding balance. Although Harbold's income is modest, it exceeds her monthly expenses, and she could have made some payment here. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2023