J-A06036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ALBERT KOGER | : | |
| | : | |
| Appellant | : | No. 251 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 22, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000233-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: December 1, 2023**

This matter is before this Court pursuant to a remand from the Pennsylvania Supreme Court, which reversed our prior decision in part, and remanded for further proceedings.[1]  In this appeal, Christopher Albert Koger (Appellant) appeals from the judgment of sentence imposed in the Washington County Court of Common Pleas, following the second revocation of his probation and parole.  After review, we affirm the trial court's order to the extent that it revoked Appellant's parole and ordered him to serve the balance of his underlying sentence, but reverse the trial court's order to the extent it revoked his probation and resentenced him to a term of incarceration.

The parties are well-informed of the underlying facts and procedural history of this case.  As such, we only provide a brief recitation.  On August

---

[1] *See Commonwealth v. Koger*, 295 A.3d 699 (Pa. 2021).

21, 2018, Appellant pled guilty to possession of child pornography and criminal use of a communication facility.[2] For possession of child pornography, he was sentenced to eight to 23 months' incarceration — but was immediately paroled to the Washington County Adult Probation Office — and for criminal use of a communication facility, he was sentenced to a consecutive term of three years' probation. *See* N.T. Plea & Sentencing, 8/21/18, at 16-17. On December 21, 2018, the trial court revoked Appellant's probation and parole after he stipulated to committing technical violations.

On September 16, 2019, after being rereleased on parole, the Office of Probation and Parole filed a second petition to revoke Appellant's parole and probation, alleging he committed the following technical violations of his conditions:

> Condition #1: Report to your [probation officer (PO)] as directed and permit a PO to visit you at your residence or place of employment and submit to warrantless searches of your residence, vehicle, property, and/or your person and the seizure and appropriate disposal of any contraband found. . . .
>
> Condition #2: Do not violate any criminal laws or ordinances. . . .
>
> Condition #7: Refrain from any assaultive, threatening or harassing behavior. . . .
>
> Condition #10: Avoid unlawful and disreputable places and people. Avoid any specific persons, places, groups, or locations if so instructed by your PO. . . .

*See* Adult Probation Office's Petition for the Revocation of Parole and Probation, 9/16/19, at 2.

---

[2] 18 Pa.C.S. §§ 6312(d), 7512(a).

On November 4, 2019, the trial court held a revocation hearing where the Commonwealth presented Washington County Probation Officer Jeremy Bardo. Officer Bardo testified to three incidents supporting the allegations of Appellant's parole and probation violations. First, on July 16th, he and his partner, Washington County Probation Officer Dominic Moore, visited Appellant's residence and asked for his cell phone. *See* N.T. Revocation H'rg, 11/4/19, at 4-5, 9; Adult Probation Office's Petition for the Revocation of Parole and Probation at 2. Appellant refused to give the officers his cell phone and disobeyed several directives, which required them to physically restrain him and place him in custody for safety reasons. N.T., 11/4/19, at 9-10. Officer Bardo testified that Appellant claimed the officers "weren't allowed" to look through his phone and "ma[de] up rules." *Id.* at 9. Officer Bardo noted that Appellant was previously "provided [with] a copy of the rules of the adult probation office . . . that he signed[,]" which "permit[s] visits to the residence[.]" *Id.* When Officer Bardo eventually retrieved Appellant's phone and searched its contents, he saw messages between Appellant and a minor female — who identified herself as being 15 years old. *Id.* at 14. The messages included a naked photo of the minor and demonstrated Appellant was "grooming her with conversations, [regarding] her past life, relationships with family[,] his personality, [and] romance[.]" *Id.* at 14-15.

Next, Officer Bardo testified that immediately after the July 16, 2019, incident they transported Appellant to the police station where he stated, "You're fucking with the wrong German." N.T., 11/4/19, at 9. Officer Bardo

asked Appellant if he was threatening him and Officer Moore, to which Appellant clarified he was threatening Officer Moore. *Id.* at 9, 18. Also in support of Appellant's violations, Officer Bardo recounted that on July 2nd — before officers visited his home and found incriminating information on his phone — Appellant was working in a program at the community service office. *Id.* at 7-8; Adult Probation Office's Petition for the Revocation of Parole and Probation at 2. While there, he used "vulgar language, [and was] disrespectful with staff[,]" which resulted in the community service director asking Appellant to "remove himself." *See* N.T., 11/4/19, at 7-8.

Appellant testified that he did tell the officers he was going to "fight" them, though he intended to do so on the law, not physically. *See* N.T., 11/4/19, at 21-22. Appellant did not dispute the officer's testimony that the office of probation and parole imposed these conditions upon him, and he was informed of these conditions prior to the hearing. Appellant also stated that his parole would be completed on December 12, 2019, a fact the Commonwealth did not contest. *Id.* at 23. After Appellant completed his testimony, his attorney acknowledged that the "German comment" Appellant made at the police station would be a basis for revocation "if the [c]ourt [found] that [it was] threatening bodily harm[.]" *Id.* at 29-30.

At the conclusion of the hearing, the trial court determined Appellant had committed the alleged technical violations, and revoked both Appellant's parole and probation. N.T., 11/4/19, at 31-32. On January 22, 2020, the trial court held a resentencing hearing. At the hearing, John Pankopf — an

employee at the Washington County Adult Probation Office — testified that Appellant had completed his parole for possession of child pornography before the date of sentencing. *See* N.T. Resentencing, 1/22/20, at 4, 7. Appellant was then resentenced on the conviction of criminal use of a communication facility to one to three years' incarceration.[3] *Id.* at 24.

Appellant then filed a notice of appeal to this Court where he raised the following claims:

> 1. Whether the [VOP] court erred in revoking [Appellant's] parole at Count 1 where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Appellant's] parole were and [Appellant] had not been charged with or convicted of a new offense?
>
> 2. Whether the [VOP] court abused its discretion in revoking [Appellant's] probation at Count 2 where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Appellant's] probation were and [Appellant] had not been charged with or convicted of a new offense?
>
> 3. Whether [Appellant's] parole and probation revocation sentences are illegal where the same were imposed without authority as a result of the Commonwealth's failure to prove that [Appellant] violated any actual terms or conditions of his probation or parole?

Appellant's Direct Appeal Brief at 6 (some capitalization omitted).

On direct appeal, this Court concluded Appellant was entitled to relief because the trial court "did not advise Appellant of the conditions of his

_____

[3] Though Appellant completed his term of parole before the date of sentencing, the trial court "remanded [him] to the state correctional institution to serve the balance of his maximum sentence." *See* N.T., 1/22/20, at 24.

probation and parole at the time of the initial sentencing[.]" ***See Commonwealth v. Koger***, 255 A.3d 1285, 1287 (Pa. Super. 2021), *r'vd in part*, ***Koger***, 295 A.3d 699. Instead, "the general rules, regulations, and conditions governing [his] probation and parole . . . were explained to [Appellant] by an adult probation officer immediately following the sentencing proceeding." ***See Koger***, 255 A.3d at 1290 (record citation & footnote omitted). Relying on ***Commonwealth v Foster***, 214 A.3d 1240 (Pa. 2019), we determined the trial court was required to impose both Appellant's parole **and** probation conditions at the time of sentencing. ***See id.*** at 1285. Because the trial court failed to do so, we reversed the revocations of probation and parole, and vacated the judgment of sentence. ***Id.*** at 1291.

The Commonwealth filed a petition for review with the Pennsylvania Supreme Court, which the Court granted, and thereafter, reversed, in part, this Court's decision. ***See Koger***, 295 A.3d 699. The Supreme Court concluded this Court improperly applied rules exclusive to probation to the trial court's order revoking Appellant's **parole**. ***See Koger***, 295 A.3d at 709. The Court explained that its decision in ***Foster*** required examining "several statutes . . . which relate exclusively to probation, not parole." ***See Koger***, 295 A.3d at 706 (emphasis added). With respect to conditions of parole, however, the Supreme Court clarified "sentencing courts are authorized to delegate to county probation officers the responsibility of communicating to defendants the conditions of their **parole**, and to do so post-sentencing." ***Id.*** at 709 (emphasis added). Thus, the Supreme Court reversed our decision, in

part, and remanded for further proceedings. We now reconsider our decision in light of the Supreme Court's mandate.

Appellant's first two claims challenge the sufficiency of the evidence supporting the violations of both his parole and probation. First, we note that Appellant's revocation of probation is not at issue in this appeal. In this Court's prior opinion, we concluded the trial court erred when it revoked Appellant's **probation**. *See Koger*, 255 A.3d at 1290-91. Relying upon *Foster*, we explained the trial court was required to impose the conditions of Appellant's probation at the time of sentencing. *See id.* Our Supreme Court agreed with this determination and the Commonwealth conceded this point. *See Koger*, 295 A.3d at 706 n.9 (emphasizing the Court was "only concerned with the propriety of [Appellant's] parole revocation[,]" and the Commonwealth "agree[d] the. . . reversal of [Appellant's] probation revocation was 'in line with [the Supreme Court's] holding in *Foster*[.]"). Accordingly, we only address Appellant's claims insofar as they challenge the revocation of his parole.

"The Commonwealth must prove [a parole] violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008). "The 'preponderance of the evidence' is the lowest burden of proof in the administration of justice, and it is defined as the 'greater weight of the evidence, *i.e.,* to tip a scale slightly [in one's favor].'" *See Commonwealth v. A.R.*, 990 A.2d 1, 4 n.4 (Pa. Super. 2010)

(citation omitted). "Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." ***Kalichak***, 943 A.2d at 291 (citation omitted).

Returning to Appellant's argument, he avers the Commonwealth did not show by a preponderance of the evidence that he violated his conditions of parole. Appellant's Direct Appeal Brief at 20-21. Specifically, he contends the Commonwealth did not "establish[ ] the actual conditions" of his supervision, but instead, the court relied upon the allegations in the revocation petition and Officer Bardo's testimony to support revocation. ***Id.*** at 21-22. He insists that the Commonwealth must provide more evidence to demonstrate a violation. ***See id.*** at 22.

The trial court concluded the Commonwealth presented sufficient evidence to establish, by a preponderance of the evidence, that Appellant violated his parole. Trial Ct. Op., 5/26/20, at 14. It opined:

> [Appellant's] second revocation hearing was conducted only after the Washington County Adult Probation Office submitted its second "Petition for the Revocation of Parole and Probation," which detailed, *inter alia*, three specific technical violations that [Appellant] allegedly violated.
>
> Among those three technical violations was Condition 7, which stated that Appellant failed to "refrain from assaultive, threatening or harassing behavior." Indeed, at the second revocation proceeding, Officer Bardo provided the [trial c]ourt with two specific occurrences that amounted to violations of Condition [seven].

Trial Ct. Op.at 14 (citation omitted & paragraph break inserted). The trial court also noted Appellant's concession that he threatened to "fight" the officers — regardless of his subconscious intent behind the statement — combined with his attorney's admission that the comment could be a basis for revocation, supported a violation of condition seven. *See id.* at 14-15. The court also credited Officer Bardo's testimony whereby he described the July 2, 2019, community service center incident and the two July 16th incidents involving Appellant's cell phone and threatening behavior — which it stated supported the allegation that Appellant violated condition two of his parole. *Id.* at 14-19.

We agree with the trial court's conclusion. At the time of Appellant's conduct on July 2 and 16, 2019, he was completing his parole for his conviction of possession of child pornography. At the hearing, the Commonwealth needed only to prove by a preponderance of the evidence that Appellant committed technical violations of his parole. *See Kalichak*, 943 A.2d at 291. The crux of Appellant's argument is that the Commonwealth did not establish that he was subject to the conditions he was accused of violating. *See* Appellant's Brief at 22. However, Appellant does not cite — nor could this Court locate — any precedent stating the Commonwealth could not satisfy the preponderance of the evidence standard through the office's revocation

petition and sworn testimony. Additionally, Appellant did not contest the fact that he was subject to these conditions during the hearing.[4]

Here, the Commonwealth needed only "to tip a scale slightly" in its favor. *See A.R.*, 990 A.2d at 4 n.1. We agree with the trial court's conclusions that it did so by providing the probation office's petition for revocation — which listed the conditions Appellant was accused of violating — and Officer Bardo's testimony that Appellant was previously provided with these conditions of parole. *See* N.T., 11/4/19, at 9; Adult Probation Office's Petition for the Revocation of Parole and Probation at 2. For this reason, Appellant has failed to establish that the court erred in revoking his parole. *See Kalichak*, 943 A.2d at 291.

Appellant's final claim challenges the legality of his sentence. He relies largely on his previous argument that the Commonwealth did not establish he was subject to the conditions for which the trial court concluded he violated. *See* Appellant's Direct Appeal Brief at 28-29. Thus, he avers the court had no authority to impose a sentence. *Id.*

_____

[4] Our Supreme Court suggested in its opinion that Appellant may have waived his argument at both the trial and appellate levels. *See Koger*, 295 A.3d at 711 n.12. To the extent Appellant did not contest Officer Bardo's testimony that the office of probation and parole informed him of the conditions of his supervision, we agree. However, Appellant did properly preserve his challenge to the sufficiency of the evidence supporting his revocation of parole in both his Pa.R.A.P. 1925(b) concise statement and his appellate brief. *See* Appellant's Pa.R.A.P. 1925(b) Statement, 4/27/20, at 4-5 (unpaginated); Appellant's Direct Appeal Brief at 19-22 (arguing the Commonwealth did not establish the terms and conditions of his parole).

Our standard of review for a challenge to the legality of a sentence is *de novo* and our review is plenary. *See Commonwealth v. Bickerstaff*, 204 A.3d 988, 995 (Pa. Super. 2019). Further, we note:

> [A] parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

*Kalichak*, 943 A.2d at 290 (citations & footnote omitted).

As discussed above, we concluded the trial court did not err in its determination that Appellant committed parole violations. As a result of the revocation, the court "remanded [him] to serve the balance of his maximum sentence" at that conviction. N.T., 1/22/20, at 24. The court did not impose a new sentence, but instead recommitted Appellant to serve the balance of his maximum term, which it had the authority to do. *See Kalichak*, 943 A.2.d at 290. Thus, the trial court did not impose an illegal sentence and Appellant is not entitled to relief on this claim.

In summary, our Supreme Court agreed, and the Commonwealth conceded, the trial court erred in revoking Appellant's probation. Thus, we reverse in part the trial court's November 4, 2019, order to the extent the court revoked Appellant's probation, and we vacate the January 22, 2020, judgment of sentence of one to three years' incarceration. However, because Appellant did not demonstrate that the trial court erred when it determined that he violated the conditions of his parole, we affirm in part the court's

November 4th order and subsequent judgment of sentence. ***See Kalichak***, 943 A.2d at 290-91.

Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/1/2023